In the Matter of MARY KRAMER, Petitioner, against ARVID PEARSON et al., Respondents.

Supreme Court, Special Term, Kings County, January 30, 1946.

*Jaffa & Silverman* for petitioner.

*Abraham R. Zaldin* for Arvid Pearson, respondent.

*Elvin N. Edwards* for State Liquor Authority, respondent.

DALY, J. This is an application under the provisions of sections 123 and 124 of the New York State Alcoholic Beverage Control Law, for an order permanently enjoining the respondent Pearson from operating and conducting a store at 778–60th Street, Borough of Brooklyn, for the retail sale of liquor for off-premises consumption, and directing the respondent Commissioners of the State Liquor Authority, to cancel and rescind the liquor license issued by them to the said Pearson for the above store premises.

The petitioner contends that the license issued to Pearson violates the provisions of subdivisions 2 and 4 of section 105 of the Alcoholic Beverage Control Law. They read as follows:

" 2. No premises shall be licensed to sell liquors and/or wines at retail for off premises consumption, unless said premises shall be located in a store, the entrance to which shall be from the street level and located in *a business center on a main thoroughfare* or on an arcade or sub-surface thoroughfare leading to a railroad terminal. [Italics supplied.] * * * 4. No retail license to sell liquor and/or wine for off-premises consumption shall be granted in cities having a population of one million or more for any premises which shall be located within 1500 feet of any premises holding a similar license on the same street or avenue; elsewhere, no such license may be granted for premises which are located within 700 feet of any other premises so licensed on the same street or avenue.''

The property in which the store here involved is located, is situated at the southwesterly corner of Eighth Avenue and 60th Street, Borough of Brooklyn. At the time that application for a license was made by Pearson, and the approval given by the Liquor Authority, the property contained a store which fronted on Eighth Avenue, and apartments on the two upper floors. The address of that store was 6002 Eighth Avenue. . No store existed at 778–60th Street. To build the 60th Street store, the wall of the building fronting on 60th Street was broken through and the 60th Street store was built out of the original corner store. The photographs indicate that the show windows of the 60th Street store are in close proximity to the entrance of the original store. The application for the license shows that the store is only fifteen feet west of Eighth Avenue and the entrance twenty-one feet west of Eighth Avenue. It seems clear that without the alteration the issuance of a license for the store as it originally existed, would have been violative of subdivision 4 of section 105 of the Alcoholic Beverage Control Law, for the reason that a package store licensed since 1933, at 5602 Eighth Avenue, is only 1,051 feet, six inches from the original store at 6002 Eighth Avenue. Obviously, the alteration was made for the purpose of overcoming this difficulty, by having the entrance of the altered store located on a different street and, therefore, not within the 1,500 feet of the premises already licensed at 5602 Eighth Avenue.

Eighth Avenue is a business center and a main thoroughfare in which the shopping, trading and business of the community is carried on. Sixtieth Street, between Seventh and Eighth Avenues, save for the store in the building on the opposite corner and the store here involved, is a residential street. The photographs submitted show that the entire block in which the

store here involved is located, is built up with apartments and dwellings. Unquestionably, 60th Street, is not a business center. While there appears to be a bus line on that street, that does not, in the opinion of the court, render it a main thoroughfare in the sense that that term is used in subdivision 2 of section 105 of the Alcoholic Beverage Control Law. From the record submitted by the parties, it is clear that 60th Street, is a secondary highway, containing a few stores, but in no sense is it a " business center on a main thoroughfare ". This court agrees with the construction of the quoted language made by Mr. Justice STODDART, in *Matter of Evers* v. *Flanagan* (186 Misc. 101). It follows, that in issuing the license to the respondent Pearson, the Liquor Authority has gone beyond its jurisdictional powers. Accordingly, the application is in all respects granted. Proceed on notice.