In the Matter of HARRY J. EVERS, Petitioner, against ANTHONY J. DIMINO et al., Respondents.

Supreme Court, Special Term, Queens County, February 6, 1946.

*Victor Sussman* for petitioner.

*Alexander Del Giorno* for Anthony J. Dimino and another, respondents.

*Harry F. Karst* for State Liquor Authority, respondent.

RUBENSTEIN, J. This is an application for an order pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law to permanently enjoin the respondents Kovac and Dimino from engaging in the retail sale of liquor for off-premises consumption at 31–92 30th Street, and 32–09 34th Street, both in Astoria, Queens County. Petitioner also seeks an order commanding the respondents constituting the State Liquor Authority (hereinafter referred to as the authority) to revoke and cancel licenses heretofore issued for the operation of liquor package stores at said addresses.

The Legislature has delegated to the authority the power to issue licenses for the purpose of selling liquor in packages, but such mandate has been circumscribed, however, by subdivision 2 of section 105 of the Statute, which states: " No premises shall be licensed to sell liquors and/or wines at retail for off premises consumption, unless said premises shall be located in a store, the entrance to which shall be from the street level and located in *a business center on a main thoroughfare* or on an arcade or sub-surface thoroughfare leading to a railroad terminal." (Italics supplied.)

The question presented for determination here is whether the licensed premises are " located in a business center on a main thoroughfare ". The authority contends that it alone enjoys the right to decide that the premises are so located. It urges further that the word " main " is ambiguous, and if given full effect, renders the foregoing provision unconstitutional for the reason that it discriminates against streets which are not in that category.

I am of the opinion that the above contentions are without force. The statute expressly gives to the court the power to

enjoin any action taken by the authority (Alcoholic Beverage Control Law, §§ 123, 124); in fact, our court at Special Term in this county and again in Kings County has passed upon the authority's action in connection with the statute now under review, and has held in both instances that the authority transgressed the power given to it and rescinded its action. (See *Matter of Evers* v. *Flanagan,* 186 Misc. 101; *Matter of Kramer* v. *Pearson,* 186 Misc. 134.)

Nor is the statute unconstitutional because it requires that licenses be issued only for premises located on a " main thoroughfare ". The Legislature, if it so desired, could have restricted the sale of intoxicating beverages entirely (*Crowley* v. *Christensen,* 137 U. S. 86), but instead it placed certain restrictions upon sales for the stated purpose of protecting the " health, welfare and safety of the people of the state." (Alcoholic Beverage Control Law, § 2.) When we recall the evils attendant upon the sale of liquors prior to the enactment of the Alcoholic Beverage Control Law, we can readily perceive the urgent need for these regulations which prescribe that sales be conducted in the open on busy streets where there is considerable traffic of both persons and vehicles. It is my view, therefore, that the Legislature was not discriminatory in enacting the foregoing restrictions but rather it lawfully and wisely exercised its constitutional authority.

The authority also urges that the word " main " is surplusage in the statute and was not intended by the Legislature to limit the issuance of licenses to premises located only on such thoroughfares. I cannot agree with this assertion. We should not impute to the Legislature the loose or inadvertent use of terms. In construing a statute each word should be given the meaning which the ordinary individual attributes to it, and the entire statute should be interpreted in the spirit and purpose of the act and the ends sought to be accomplished. When the language of the statute is considered in the light of these elementary rules of construction, there can be no doubt that the Legislature meant " main " and not " through " or just any thoroughfare. As I have pointed out above, my colleagues have reached similar conclusions in *Matter of Evers* v. *Flanagan* (*supra*) and *Matter of Kramer* v. *Pearson* (*supra*) and I am in full accord with their holdings.

Upon the argument of this motion, the parties agreed that I might inspect the neighborhoods where these stores are for the purpose of ascertaining at first hand whether the premises are located in a business center on a main thoroughfare. Now, and after a thorough inspection, I am convinced that both stores

are not so located. Both 30th and 34th Streets may be thorough-fares in that some traffic passes through and over them, but unquestionably they are not in any sense main thoroughfares as I construe the meaning of the statute. They are actually side streets off Broadway, which is the main thoroughfare, and both are given over almost entirely to residential buildings.

I hold, therefore, both on the law and the facts, that the issuance of the licenses by the authority were acts in excess of its jurisdictional power, and grant the application as prayed for.