James W. Bailey, J.
Petitioners make application to compel the respondents to issue a permit for a gasoline service station.
The property is located in an industrial zone wherein a gasoline service station is a permitted use but section 56 of General Ordinance No. 6-1921 provides that no permit shall be issued for the storage of petroleum or shale oil or any liquid product thereof on any premises within 100 feet of any building occupied *708 as a tenement house, dwelling, school, factory, theatre or other place of public amusement or assembly.
The questions for consideration are (1) whether General Ordinance No. 6-1921 applies to gasoline service stations and is valid and (2) whether petitioners’ application for a permit herein is proscribed thereby.
A gasoline service station necessarily involves the storage and use of gasoline and oil which are highly inflammable. The use of property for the operation of a gasoline service station is a potentially dangerous use. The regulation of the location of such gasoline service stations is in the interest of public health, safety and welfare and constitutes a valid exercise of the police power by a legislative body. (See Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534; Matter of Epstein v. Weisser, 278 App. Div. 668.) General Ordinance No. 6-1921 was obviously enacted to protect large gatherings and infants of school age from the dangers attendant upon the storage of gasoline; The restrictions imposed preventing the location of such a dangerous operation within 100 feet of a place of public assembly are reasonable and must be enforced by the court. (Matter of Suburban Tire & Battery Co. v. Village of Mamaroneek, 104 N. Y. S. 2d 850, affd. 279 App. Div. 1084, affd. 304 N. Y. 971; Burack v. City of Mount Vernon, 303 N. Y. 997; Matter of McIntosh v. Johnson, 211 N. Y. 265.)
The prohibition is aimed not at the manner of distribution of the gasoline whether it be wholesale or retail but rather at the storage thereof which creates the real hazard. The cases draw no distinction between the storage of gasoline for wholesale distribution and storage for retail consumption as an incident to the operation of a gasoline service station. (See Matter of Green Point Sav. Bank v. Board of Zoning Appeals, supra; Matter of Larkin v. Schwab, 242 N. Y. 330; Zelazny v. Town Board of Town of North Hempstead, 101 N. Y. S. 2d 178.)
The intention of the legislative body to control the storage of the gasoline regardless of its distribution at wholesale or retail is evident from section 58 of General Ordinance No. 22-1953 which makes it unlawful to sell and deliver more than five gallons of petroleum or shale oil unless the purchaser holds a permit issued by the commissioner of public safety for the storage thereof. General Ordinance No. 6-1921 must be liberally construed in favor of the public for whose benefit it was enacted. (See Matter of Bruchhausen v. Murdock, 170 Misc. 187, affd. 258 App. Div. 797.) It is apparent that the legislative body intended to regulate the storage of gasoline in the vicinity of places of public assembly regardless of the manner of distribution and *709 reserved to itself the right to refuse a permit when such storage was to be within 100 feet of a school.
The fact that the school building is not completed nor occupied and the school not presently in operation is not sufficient to compel the issuance of the permit. The school building is presently under construction and within 100 feet of petitioners’ premises. The court may not close its eyes to the inevitable and defeat the beneficial purpose of the ordinance by a strict construction. The ordinance was enacted for the public welfare and the protection of children and must be liberally construed to effect its intended purpose. (See Matter of Bruchhausen v. Murdock, supra.)
Application denied.
Submit order.