Thomas P. Parley, J.
Application pursuant to article 78 of the Civil Practice Act for an order (1) directing the respondent Board of Zoning Appeals to issue a special exception for a public garage and filling station in accordance with section 1000 *588 (11) (h) of the Zoning Ordinance of the Town of Smithtown and (2) directing the issuance of a permit.
The petitioner is the contract vendee of premises located near the southeast corner of the intersection of Nesconset-Port Jefferson Road with Town Line Road in Happaugue, Town of Smithtown, Suffolk County, New York. The property is zoned as “ E ” Business District (Neighborhood Business) under the Town of Smithtown Zoning Ordinance which, by section 1000 (11) (h), permits the erection and use of public garages and filling stations, “ subject to special exception by the Board of Appeals as provided in sections 1708 and 1709 of Article XVII of this Ordinance.” Section 1708, insofar as here applicable, provides as follows:
“ The Board of Zoning Appeals shall not authorize the issuance of any special exception for a public garage and filling station under the provisions of this Ordinance unless it shall determine that: * * *
“ (2) No church, school, library, playground, or similar place of public assembly is located within 500 feet of the site.”
In formal findings of fact, after two hearings, the respondent board denied the application, stating:
“ (2) The applicant’s property falls within prohibited area in that it is within 500 feet of the church [sic], school and playground property.
“ (3) That applicant has failed to show compliance with Section 1708 of the Building Zone Ordinance of the Town of Smithtown ’ ’.
The petitioner’s area map, submitted at the second hearing, showed the distance from the garage site to a closed school building, owned by the Happaugue Union Free School District, to be 502 feet. However, though the area map did not so indicate, it is undisputed that a portion of the school ground lies within the prohibited radius of 500 feet from the proposed site. The issue in this case is whether, in construing section 1708 of the zoning ordinance, the respondent Zoning Board was correct in measuring the 500 feet distance from the nearest corner of the petitioner’s lot to the nearest point of the curtilage on which the school is erected — or should the measurement have been to the wall of the school building proper!
In support of the latter method of measurement, petitioner relies on Matter of Webkan Holding Corp. v. Walsh (230 App. Div. 717) and Matter of Sinclair Refining Co. v. Board of Stds. & Appeals of City of N. Y. (276 App. Div. 774), both of which involved the method of measuring a 200-foot radius from a gas *589 filling station site to a “ hospital ” under section 21-a of the Zoning Resolution of the City of New York. The Webkan cas'held that a nurses’ quarters situated within 200 feet from the garage site was sufficiently identified with the hospital plant to preclude issuance of a permit, notwithstanding that the hospital building was further than 200 feet from the proposed site. The Sinclair case held that a hospital accessory building within the 200-foot radius, used in connection with the hospital as a laundry, boiler room, powerhouse and ambulance garage, was not sufficiently identified with and essential to the operation of a hospital to come within the definition of “hospital” and, thus, the measurement should be made from the gasoline service station premises to the hospital building proper. It would appear from the lower court decisions in both cases that a portion of the grounds of the hospital in both instances was well within the 200-foot radius (Matter of Webkan Holding Corp. v. Walsh, N. Y. L. J., Oct. 17, 1929, p. 309, cols. 3, 4; Matter of Sinclair Refining Co., 83 N. Y. S. 2d 3). Petitioner also cites Savite-Denbigh Co. v. Bigelow (4 N. J. Mis. Rep. 819, affd. 104 N. J. L. 445; State of New Jersey ex rel. Savite-Denbigh Co. v. Bigelow, 5 N. J. Mis. Rep. 533) in which the Supreme Court of New Jersey held (5 N. J. Mis. Rep. 533) that a 200-foot prohibitory radius was to be measured from the nearest corner of the service station property to the nearest corner of the nearest school building.
However, notwithstanding these authorities, this court is constrained to hold that the Zoning Board was correct in denying petitioner’s application for a special exception. The primary consideration in construing a statute is to ascertain and give effect to the intention of the legislative body which enacted it. (People v. Ryan, 274 N. Y. 149, 152; Matter of Westchester County Soc. for Prevention of Cruelty to Animals v. Mengel, 266 App. Div. 151, 154, affd. 292 N. Y. 121.) The regulation of the location of gasoline service stations is in the interest of public health, safety and welfare and constitutes a valid exercise of the police power by a legislative body. (Matter of Green Point Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534; Matter of Epstein v. Weisser, 278 App. Div. 668.) Section 1708 of the zoning ordinance was obviously enacted to protect large gatherings and infants of school age from the dangers attendant upon the storage and sale of gasoline. ‘1 The restrictions imposed preventing the location of such a dangerous operation within * * * [500] feet of a place of public assembly are reasonable and must be enforced by the court. (Matter of Suburban Tire & Battery Co. v. Village of Mamaroneck, 104 *590 N. Y. S. 2d 850, affd. 279 App. Div. 1084, affd. 304 N. Y. 971.) ” (Matter of Gencarelli v. Balint, 11 Misc 2d 707, 708.) This Department has held that section 21 of the Zoning Resolution of the City of New York, the ordinance involved in both the Web kan and Sinclair cases (supra) insofar as it applies to schools, “ was framed for the safety, health and protection of school children. This section, therefore, must be liberally construed in favor of the public for whose benefit it was enacted.” (Matter of Bruchhausen v. Murdock, 170 Misc. 187, 188, affd. 258 App. Div. 797.) This is an exception to the general rule that zoning ordinances are to be given a strict construction since they are in derogation of common-law rights. (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298, 304.) Indeed, a recent decision in New Jersey indicates a withdrawal from the rule of measurement as set forth in Savite-Denbigh Co. v. Bigelow (supra). In Esso Std. Oil Co. v. Township of North Bergen (50 N. J. Super. 90 [1958]), the Appellate Division stated, “ It should first be noted that the Bigelow case arose before the zoning amendment to the 1844 Constitution and was decided at a time when zoning was not favored by the courts ” (p. 94).
The word “school”, as employed in section 1708 of the zoning ordinance, is neither an expression of art, nor a term possessing technical meaning or significance. It may therefore be accorded the ordinary meaning which is commonly attributed to it in everyday usage. (Matter of Evers v. Dimino, 186 Misc. 136,138.) The grounds surrounding the school building proper are characteristically used by children for playgrounds, athletic contests and other outdoor educational activities, and are an important part of the physical education program which is mandatory under our school laws. (Education Law, §§ 803, 3204.) They are certainly as closely related to the operation of a school as is a nurses’ quarters to a hospital. Were the courts to follow the method of measurement utilized in the Bigelow case in New Jersey, it is conceivable that, in those school districts of our State where spacious school grounds are the rule, gasoline filling stations could be erected at the very borders of our schools.
Furthermore, the respondent board found that the applicant’s property was within 500 feet of a “ playground property ’ ’, in contravention of section 1708. The word “playground” is defined in Funk & Wagnalls New Standard Dictionary (1937 ed.) as “ a ground used for playing games, especially one adjoining a school.,’> (Emphasis added.) Since the return is devoid of mention of any other possible area which could have been referred to as a playground, the board undoubtedy had reference *591 to the area surrounding the school which was described as “ about 5 acres ”.
Absent a showing that the school district has commenced proceedings in accordance with sections 401 and 402 of the Education Law for the abandonment of the site or that the property is about to be sold or changed to some other use, the court does not think it significant that the school in question is not currently in operation. The court may not close its eyes to the tremendous population upsurge in Suffolk County, most recently dramatized by figures released after the 1960 Federal Census, and the consequent necessity for development of school properties. The operational use of additional lands for school and playground purposes is inevitable. Until a school district-abandons a site in accordance with the above sections of the Education Law, the protective measures ordained by the town for the well-being of children should not be disturbed. (See Matter of Bruchhausen v. Murdock, supra.)
In the light of the above, the court need not attempt to pass on the questions raised as to the actual distance between the proposed site and the wall of the church rectory, which is shown by the petitioner’s area map to be 501 feet and on the Town Engineer’s overlay map to be 490.35 feet. Application denied.