Jack Stanislaw, J.
In order to use property in the Town of Brookhaven for a gasoline service station application must be made to the Town Board for rezoning to “ J Business 5 ” District. This district is not geographically fixed, but rather available only to be applied to particular property by the Town Board on an application-by-application basis. Petitioner Ronnerman so applied and did obtain such change of zone which ostensibly gave him the ability to set up a “gasoline service station ” on the subject property.
However, when Ronnerman thereafter submitted a site plan to the respondent Planning Board for its approval prerequisite to the issuance of a building permit he was informed, after a while, that it had been rejected. It seems that his property, in its new zoning district, fell within a provision of the town’s building zone ordinance (art. XIX, § 85-134[a] [4]) prohibiting gasoline stations within 500 feet of “ any area of public assembly Ronnerman’s gas station was to be located nearer than *216 that to an area adjacent to a public school which allegedly qualified as a “ playground ”, one area of public assembly specifically referred to in the ordinance.
Petitioner makes two points: first, that the station is not less than 500 feet from any place of public assembly as the Town Board construed that term, and second, that notwithstanding the question of proximity the respondent Planning Board did not have the power to override or in effect veto the change of zone legislated by the Town Board.
It is clear that the rejection of the site plan means that Bonnerman has no use of his property, for gasoline service station is the only permitted use in a “ J Business 5” District. Respondent charges that Bonnerman cannot complain of his predicament because his application for the zone change failed to reveal the deficiency in the distance separating the proposed station and the school playground. In any event, the Planning Board suggests too that necessary and proper procedural requisites to this proceeding call for petitioner’s prior application for a variance.
The language of the ordinance, to say nothing of common sense, leaves no room for doubt but that this school playground is a “ playground ”, an “ area of public assembly ” (see Matter of Stefco Realty Corp. v. Commerdinger, 29 Misc 2d 587). For this reason it becomes clear that petitioner’s application to the Town Board contained an error in terms of the distance the station would be from a playground. Unless respondent was otherwise prevented from passing upon the site plan in this regard its action cannot be said to have been arbitrary.
At its narrowest point the proceeding is reduced to the issue of the effect of the Town Board’s determination upon the subsequent action of the Planning Board. Stated another way, the problem is whether the change legislated by the Town Board deprived the Planning Board of its ability to disapprove the site plan. Since the initial application to the Town Board stated the crucial distance as in excess of 500 feet it is difficult, under the circumstances, to appreciate how that board might have intended and effectuated a modification of the ordinance with regard to proximity to playgrounds when it granted that application. The Planning Board could, and correctly did, reject the site plan.
This leaves Bonnerman with property usable only for a service station yet without a corresponding ability to do anything in furtherance of that use. The effect is a deprivation of use altogether. However, it does not appear that this situation is static and irrevocable. Upon proper application Bonnerman would *217 presumably be (absolutely) entitled to a variance. That additional proceeding appears required only because the distance was erroneously stated, for if the Town Board had been notified of what now appears to be an applicable prohibition, and had nonetheless granted the change, we might be constrained to arrive at a different conclusion. Although we note a variance as almost automatically available the respondent’s actions thus far have been proper and may not be disturbed on this proceeding. The motion of the respondents to dismiss the petition is granted.