[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by MR Liquors, Inc., ("MR") and Gary Rounseville, apparently an owner of M R, from a decision of the respondent Manchester Planning Zoning Commission ("Commission") granting a special exception in favor of the respondent Gateway Plaza, LLC ("Gateway"). Two issues are raised on appeal: whether the commission properly found that the proposal under consideration presented no unreasonable environmental impact, as required by § 22a-19 of the General Statutes, and whether the commission properly determined that the proposal did not violate Art. IV, § 8.01.02 of the town's zoning regulations, which prescribes minimal distances between places of worship and facilities selling liquor.
On April 16, 2001, Gateway received approval from the commission to build a complex consisting of several buildings generally at the corner of Avery Street and Deming Street in Manchester. One of the buildings contained 27,000 square feet for unspecified retail purposes. The general approval of the plan, which would have allowed a package store of not more than 2000 square feet, in a "Special Design Commercial Business Zone" is not subject to dispute in this appeal. Gateway submitted an application for a special exception on August 31, 2001; this application and its approval are the subject of this appeal. The special exception requested approval of the use of 6,000 square feet of one of the buildings as a package store.
I have reviewed the record and the following facts are revealed. The underlying plan for the development relies on a "swap" of land with the Church of the Living God ("church"). The plans submitted to the commission show that a portion of the development is to be built on land obtained from the church. In return, a portion of land now owned by the developer, or to be obtained by the developer, is to be conveyed to the church, presumably at the time the project meets final approval. If the land to be transferred to the church is not considered, the project CT Page 13853 complies with Art. IV, § 8.01.02 of the Manchester Zoning Regulations, which mandates a separation of at least 200 feet between the building or premises used for the sale of alcohol and any part of a lot used for a "place of worship." If the lot to be transferred were to be considered, then the store and the lot would be separated by less than 200 feet. These facts are undisputed, and indeed were treated as undisputed before the commission.
Two public hearings were held, on October 15, 2001, and on November 5, 2001. At the first hearing, the attorney for Gateway stated that when the project is complete, the package store premises will be within 200 feet of a lot used as a place of worship. He noted that he was specifically filing the application before the land transfer was completed, so that the plan would be in compliance with the regulation. At that public hearing, the attorney for the appellant expressed his disagreement. Throughout the public hearing process, there was no direct participation by the church. The attorney for the applicant stated that the church was pleased with the proposed arrangement because it were getting land desirable to it for less than fair market value.
There appears in the record a copy of an email dated October 31, 2001, from Lynne Pike DiSanto, on the staff of the commission, to a town counsel. Her email ably and responsibly describes the problem and includes the statements that "[t]he developer will be acquiring a lot owned by a church and used for, we believe, a residence as part of the development. The developer will be giving the church some vacant land behind the development which the PZC has been told will be used for additional parking and driveways for the church. These lands have not been transferred yet. There is an approved building in the development in which the developer is asking to locate a package store. The closest corner of the building will be located approximately 228 feet from the lot on which the church is located. (It's less than 200 feet from the residence owned by the church.). . . . The commission member wants to know if they should consider the fact that land less than 200 feet from the proposed package store will be church owned land in the future or if they should only consider the current use of the land within 200 feet of the proposed package store. . . ."
The response from a town attorney was sent on November 1, 2001. It is, in its entirety: "Based upon the information provided to this office, as well as a review of the proposed plans for the development by Gateway Plaza LLC, it is our opinion that the location of the package store, as shown on the plans, and in accordance with our Zoning Regulations, specifically Article IV, Sections 8.01 and 8.01.02, is not within 200 feet of a place of worship. This opinion is based on the plans as presented to CT Page 13854 us, the applicable sections of the Zoning regulations and the current ownership of the land as presented to this office." (Emphasis added).
At the November 15 hearing, the attorney for the applicant quite naturally agreed with the opinion of the town counsel. He stated quite candidly that Gateway was going to convey the land to the church, but the regulations were concerned with current rather than future uses. He again indicated that the church did not object to the proposal. MR's attorney again disagreed, and stated that plans had to be judged by what would exist when the proposed transactions were completed.
The transcript of the deliberations of the commission reveal that members were somewhat troubled by the issue. One member dissented because he didn't see how the commission could approve a plan which, on its passage, would violate the regulation. The others, however, seemed to be persuaded by the opinion of the counsel and felt that even though there was a "very high probability" that shortly after the exception is granted, the package store will be within 200 feet of property used for religious purposes, it presently is not, so the plan had to be approved. Another member said that if the town attorney says that the proposal is "legal even though we know what's going on", then he would go along.
It is agreed that the appellant is aggrieved. Any taxpayer is aggrieved in a case involving traffic in liquor. Macaluso v. Windsor Zoning Boardof Appeals, 167 Conn. 596, 600-01 (1975). There similarly is no dispute as to aggrievement for the purpose of raising the environmental issue.
The appellants, of course, have the burden of showing that the commission acted improperly. Cameo Park Homes, Inc. v. Planning andZoning Commission, 150 Conn. 672, 679 (1963). The court may not substitute its judgment as to the facts or, absent an abuse of discretion, the application of the law to the facts, by the commission.Burnham v. Planning Zoning Commission, 189 Conn. 261, 265 (1983).
 "A local board or commission is in the most advantageous position to interpret its own regulations and apply them to the situations before it." New London v. Zoning Board of Appeals, 29 Conn. App. 402, 405, 615 A.2d 1054, cert. granted, 224 Conn. 921, 618 A.2d 528 (1992) (appeal withdrawn March 18, 1993). "Although the position of the municipal land use agency is entitled to some deference . . . the interpretation of provisions in the ordinance is nevertheless a question of law for the court. . . . The court is not bound by the legal interpretation of CT Page 13855 the ordinance by the [board]." (Citations omitted; internal quotation marks omitted.) Northeast Parking, Inc. v. Planning Zoning Commission, 47 Conn. App. 284, 293, 703 A.2d 797 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1269 (1998). If a board's time-tested interpretation of a regulation is reasonable, however, that interpretation should be accorded great weight by the courts. Office of Consumer Counsel v. Dept. of Public Utility Control, 252 Conn. 115, 121, 742 A.2d 1257 (2000).
Doyen v. Zoning Board of Appeals, 67 Conn. App. 597, 603-04 (2002).
The parties agree that there is no specifically binding precedent, nor, apparently, did the Manchester commission have the benefit of having decided the precise question previously. In the circumstances, I believe that the decision of the commission is not entitled to special deference; see, e.g., Zoning Board of Appeals v. Freedom of InformationCommission, 66 Conn. App. 279, 283 (2001); though I respect the effort and forthrightness in dealing with the issue and I certainly consider the opinion of the commission. In that regard, however, I also note that the commission appeared to be somewhat uneasy with the decision and relied on the legal opinion of town counsel. There certainly was not a "time-tested interpretation" of the regulation in issue, which would be entitled to considerable deference. It is, however, agreed that if an application for a special exception comports with the regulations, then it must be granted; if it does not, the application must be denied. Weigel v.Planning and Zoning Commission, 160 Conn. 239, 246 (1971); Gregorio v.Zoning Board of Appeals, 155 Conn. 422, 429 (1962). There is no discretion.[1]
The appellants have referred at some length to the case of Gencarelliv. Balint, 171 N.Y.S.2d 283 (1958), in which a New York trial court considered a situation where a permit could not be granted for a gas station less than 100 feet from a school. At the time of the application, a school was being constructed less than 100 feet from the premises under consideration. Although the site was not yet a school, the court held that it could not "close its eyes to the inevitable" and dogmatically defer to the precise situation as it existed at the time of the application. Gateway seeks to distinguish Gencarelli.
I have not found any specific Connecticut authority on point, but general considerations of construction lead me to hold that the commission used an erroneous legal standard in deciding the issue. The fundamental guide to construction, whether of statutes or regulations, is CT Page 13856 a reasoned search for the intention of the enactment. See, e.g., Vibertv. Board of Education, 260 Conn. 167, 170 (2002) (statutory construction).; Modern Cigarette, Inc. v. Orange, 256 Conn. 105, 120
(2001) (local ordinance). As stated in Modern Cigarette, supra, at 120-21:
 Finally, our resolution of this case is guided by our statutory construction jurisprudence. "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Luce v. United Technologies Corp., 247 Conn. 126, 133, 717 A.2d 747 (1998). In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. Kron v. Thelen, 178 Conn. 189, 192, 423 A.2d 857 (1979); accord Willow Springs Condominium Page 121 Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 26, 717 A.2d 77 (1998). Finally, because the question presented [in] this appeal involves an issue of statutory construction, our review is plenary. E.g., Coley v. Camden Associates, Inc., 243 Conn. 311, 318, 702 A.2d 1180 (1997)." (Internal quotation marks omitted.) Schreck v. Stamford, 250 Conn. 592, 596-97, 737 A.2d 916 (1999).
It flies in the face of common sense to believe that the intent of the Manchester zoning regulations was to condone a situation which would be in violation of the regulations from the moment it exists. There may be gray areas where future events are somewhat unpredictable, and in these the commissions will have to exercise their best judgments. But in this case, the plans which were being considered clearly and expressly contemplated the transfer of the lot to the church. Commissions necessarily approve plans for the future, and the plan which was being considered contemplated the proscribed propinquity. By expressly not considering the plan as a whole, which included the ownership of the lot by the church, the commission employed an erroneous legal standard and CT Page 13857 its decision must be vacated.
I believe, however, that it is appropriate to remand the matter to the commission for the purpose of determining whether the plan as proposed violates the regulations. At oral argument and in its brief, Gateway urged that even if the transferred lot is considered, it is still possible to find that the lot will not be used as a "place of worship". This position is different from that stated during the hearings before the commission. Nonetheless, it is appropriate for the commission in the first instance to find the facts and apply its regulations. The matter, then, is remanded for further proceedings before the commission to decide whether the plan as submitted violates the regulations.
The second ground of appeal may be considered more expeditiously. The. appellants claim that the commission improperly disposed of the environmental claim. Pursuant to § 22a-19 of the General Statutes, the appellant Rounseville intervened in the hearing and filed a verified pleading asserting that approval of the 6,000 square foot package store would have, or be reasonably likely to have, the effect of unreasonable pollution. The appellants submitted a letter from Rounseville, a competitor of Gateway, to the effect that a package store generates patterns of traffic different from that of other retail establishments. The applicant submitted a report from its traffic experts to the effect that any traffic concerns were addressed in connection with the more generalized first application, and that package stores do not generate significantly different patterns. The commission made a finding, carefully tailored to the language of § 22a-19, that there was not CT Page 13858 likely to be unreasonable pollution created by approval of the application and that no feasible alternative existed. From the transcripts, it is clear that the appellant's representations as to that issue were not highly credited, and that the engineer's report submitted by Gateway was credited. There was substantial evidence on which the commission made its finding, and I will not disturb the commission s factual finding or application of the law to the facts. See, e.g.,Burnham v. Planning Zoning Commission, supra. The decision of the commission is affirmed, and the appeal dismissed, as to the environmental issue.
The matter is remanded for further consideration by the commission, limited to the issue of whether the overall plan, as proposed, violates Manchester's regulations regarding separation between liquor establishments and churches.
 ___________________, J. Beach