JOSE VEGA *v.* WALTSCO, INC., ET AL.
(AC 16115)

Dupont, C. J., and O'Connell and Schaller, Js.

Argued March 20—officially released August 19, 1997

*Stephen P. Bertucio,* for the appellant (plaintiff).

*Angelo Paul Sevarino,* for the appellees (defendants).

*Opinion*

O'CONNELL, J. The plaintiff appeals from the decision of the workers' compensation review board (review board) dismissing his appeal from the finding and award of the workers' compensation commissioner for the second district (commissioner). On appeal to this court, the plaintiff contends that the review board improperly held that sending notice of a decision to a party commences the running of the appeal period even though a notice is not concurrently sent to the party's attorney. We affirm the decision of the review board.

The record discloses the following facts. On September 15, 1988, the plaintiff suffered a back injury in the course of his employment with the defendant Waltsco, Inc. (Waltsco). On November 27, 1989, the plaintiff entered into a voluntary agreement concerning workers' compensation benefits with Waltsco and with Waltsco's insurer, the defendant Rollins Hudig Hall. The plaintiff subsequently developed a psychiatric disorder that he claims resulted from his previous injury. On January 25, 1994, a formal hearing was held by the commissioner on the issue of whether the psychiatric

disorder was causally related to the initial back injury. That hearing resulted in the finding and award that is the subject of this appeal.

On May 26, 1994, notice of the award was sent to the plaintiff, but notice was not sent to his attorney. His attorney learned of the decision on June 3, 1994, as a result of a telephone inquiry to the commissioner's office. As a consequence, a facsimile of the notice was sent by the commissioner to the plaintiff's attorney on June 3, 1996. On June 9, 1994, the plaintiff appealed to the review board. The review board dismissed the appeal on the ground that it was not timely filed. The review board lacks subject matter jurisdiction to consider the merits of an untimely appeal. *Freeman* v. *Hull Die & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995).

"Ordinarily we give great deference to the construction given a statute by the agency charged with its enforcement." *State Medical Society* v. *Board of Examiners in Podiatry*, 208 Conn. 709, 718, 546 A.2d 830 (1988). This policy, however, does not apply to an issue that has not previously been subjected to judicial scrutiny. Id. Because the courts have not ruled on the question now before us, the policy of special deference does not apply here.

The relevant portion of General Statutes § 31-301 (a) provides: "At any time within ten days after the entry of an award by the commissioner . . . *either party* may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner . . . an appeal petition . . . . The commissioner within three days thereafter shall mail . . . a copy thereof *to the adverse party or parties.*" (Emphasis added.) Case law requires not merely the entry of the commissioner's award, but also the sending of notice thereof to the parties. It is the sending of notice, and not the receipt

thereof, that starts the appeal period running. *Conaci v. Hartford Hospital,* 36 Conn. App. 298, 301, 650 A.2d 613 (1994). It is undisputed that timely notice of the commissioner's award was sent to the plaintiff and that no appeal was taken within ten days thereof.

Case law states that "the ten day period begins to run on the day on which the *party wanting to appeal* is sent meaningful notice of the commissioner's decision." (Emphasis added.) Id., 303. Section 31-301 (a) provides that "either *party* may appeal . . . to the Compensation Review Board . . . ." (Emphasis added.) Thus, the case law and statute both clearly and unambiguously require notice to *parties* and appeals by *parties*. The plaintiff does not furnish any authority to the effect that "party" and "party's attorney" are synonymous.

The plaintiff erroneously assumes that the procedure by which a lawsuit is handled in the court system applies in workers' compensation matters. General Statutes § 51-53 establishes the procedure for civil actions pending in court and expressly requires that notice of judicial decisions shall be given to "counsel."[1] The Workers' Compensation Act, General Statutes § 31-275 et seq., could have contained a similar provision but does not. We must interpret a statute as written. "Our fundamental objective when construing a statute 'is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and the circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.' "

---

[1] General Statutes § 51-53 (a) provides in relevant part: "Whenever any court . . . makes or renders any decision, order, decree, denial or ruling, unless it is made or rendered in the presence of counsel in the matter, the clerk of the court *shall immediately notify counsel,* in writing, of the decision, order, decree, denial or ruling." (Emphasis added.)

*Hall* v. *Gilbert & Bennett Mfg. Co.*, 241 Conn. 282, 295, 695 A.2d 1051 (1997).

The statute regulating court procedure was already in effect when the legislature enacted the statute pertaining to workers' compensation hearings. The legislature is presumed to consider existing legislation when it enacts a new law. Id. Thus, the canons of statutory construction lead us to the conclusion that the legislature intended that notice of workers' compensation matters be sent directly to parties and not to counsel.

Practice Book § 398 implements § 51-53 by providing that, in matters pending in court, the "clerk shall give the notice to the *attorneys of record* and *pro se parties*" of judicial decisions.[2] (Emphasis added.) The Superior Court judges have inherent power to make rules governing procedure in the courts.[3] The judges exercise that power by enacting rules of practice that are expressly limited to governing practice and procedure in the Superior Court.[4] Nowhere in those rules do the judges purport to extend their rule-making authority to procedures before administrative agencies.[5]

---

[2] Practice Book § 398 provides: "The clerk shall give notice to the attorneys of record and pro se parties unless otherwise provided by statute or these rules, of all judgments, nonsuits, defaults, decisions, orders and rulings unless made in their presence. The clerk shall record in the court file the date of the issuance of the notice."

[3] See W. Maltbie, "The Rule Making Power of the Judges," Practice Book (1951), pp. xi–xvii; R. Kay, "The Rule Making Authority and Separation of Powers in Connecticut," 8 Conn. L. Rev. 1 (1975).

[4] Practice Book § 1 provides: "The rules for the superior court govern the *practice and procedure in the superior court* in all actions of a civil nature, whether cognizable as cases at law, in equity or otherwise, in all criminal proceedings and in all proceedings on juvenile matters. These rules also relate to the admission, qualifications, practice and removal of attorneys." (Emphasis added.)

[5] After the Appellate Court has obtained jurisdiction through a properly taken appeal, rules of the court apply to the processing of the appeal in the court system. See Practice Book §§ 4165 through 4165.6.

Accordingly, that portion of the rules of practice pertaining to filing of appearances and directing notices and pleadings to counsel of record does not pertain to workers' compensation proceedings. The Workers' Compensation Act created a statutory agency that established its own procedures for hearings. See Regs., Conn. State Agencies § 38a-8-52; and for appeals to the review board. See General Statutes § 31-301 (a); Regs., Conn. State Agencies § 38a-8-67. It is perhaps understandable that an attorney, accustomed to the court procedure, might be lulled into expecting that the same rubrics will be followed in administrative and quasi-judicial agencies. Should these court procedures be relied on in an agency proceeding, however, it would be done at counsel's peril.

Moreover, the policy underlying the workers' compensation laws is to help the injured worker obtain swift compensation for his grievances without the complexities of a full scale lawsuit. See *Kinney* v. *State*, 213 Conn. 54, 58–59, 566 A.2d 670 (1989). That policy is furthered by sending notice of workers' compensation findings and awards directly to the injured parties involved.

The plaintiff also mistakenly relies on the phrase "meaningful notice"[6] to argue that the term "meaningful" modifies the word "party" and describes to whom notice must be sent. Specifically, the plaintiff asserts that notice is not meaningful unless it is sent not only to the aggrieved party, but also to the party's attorney. We can find no law to support this contention. The *Conaci* court, in its holding, recognized that it is not enough for the commissioner to enter an award for the appeal period to start running; sending notice to the

---

[6] See *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 303, which states that "the ten day period begins to run on the day on which the party wanting to appeal is sent meaningful notice of the commissioner's decision."

aggrieved party is also necessary. Thus, the phrase meaningful notice, as used by that court, described the content of notice that is required to inform adequately the aggrieved party of the commissioner's findings. Meaningful notice gives the aggrieved party sufficient information to make a knowledgeable decision as to the next step in the litigation process.

The review board held that "[t]he fact that [the plaintiff] hired an attorney did not nullify his status as the claimant and as a valid receiver of notice in his workers' compensation case. . . . [T]he appeal period began to run on May 26, 1994, when notice of the decision was sent to the [plaintiff] and that said period expired before the petition for review was filed. Accordingly, [the review board] lacks jurisdiction to consider the appeal further." We agree.

We recognize that workers' compensation practice has become more complex and that the reality of the system is that many more attorneys are now involved in the system than had been envisioned by the founders of the system. Perhaps the time has come for introduction of a more formal procedure of appearance, pleadings and notice. If that is to be done, however, it must be done by the legislature. This court must construe the statute as it finds it without reference to whether we feel that the law might be improved by the inclusion of other provisions. *Houston* v. *Warden*, 169 Conn. 247, 252, 363 A.2d 121 (1975). "It is axiomatic that the court itself cannot rewrite a statute to accomplish a particular result. That is the function of the legislature."(Internal quotation marks omitted.) *State* v. *Hanson*, 210 Conn. 519, 529, 556 A.2d 1007 (1989).

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.