## ROBERT SCHRECK *v.* CITY OF STAMFORD
### (AC 17668)

O'Connell, C. J., and Spear and Daly, Js.

Submitted on briefs September 18—officially released November 17, 1998

*Joseph Lucian Gerardi* filed a brief for the appellant (plaintiff).

*Christine C. Murphy* filed a brief for the appellee (defendant).

*Opinion*

O'CONNELL, C. J. The plaintiff appeals from the decision of the workers' compensation review board (board), dismissing his appeal to the board as untimely. On appeal to this court, the plaintiff argues that the board improperly concluded that (1) the plaintiff's appeal was not timely filed, (2) meaningful notice was sent to him and (3) certified mail returned receipt requested constituted meaningful notice. We reverse the decision of the board.[1]

The following facts are relevant to the disposition of this appeal. The plaintiff's claim for workers' compensation arising out of a work-related motor vehicle accident was voluntarily accepted by the defendant. The defendant, the city of Stamford, paid for the plaintiff's medical and indemnity benefits. Subsequently, hearings were held before a workers' compensation commissioner to determine whether the defendant was entitled to a credit for amounts the plaintiff received from settlements with third parties.[2]

---

[1] Because our resolution of the first issue is dispositive as to this appeal, we need not review the remaining issues on appeal.

[2] The details of the claim for credit are not relevant to this appeal.

The commissioner issued his decision in favor of the defendant on March 29, 1996, and sent notice to counsel for both parties on the same day. Notice was never sent directly to the plaintiff. Thirteen days later, on April 11, 1996, the plaintiff filed a petition for review of the commissioner's decision. On May 1, 1996, the defendant filed a motion to dismiss the appeal on jurisdictional grounds, claiming that the appeal was filed more than ten days after the entry of the commissioner's decision.[3]

The board heard oral argument on both the motion to dismiss and the merits of the appeal, and then dismissed the appeal as untimely. On appeal to this court, the plaintiff contends that the board improperly dismissed his appeal as untimely. We agree. The only issue before this court is whether the appeal period began to run when the commissioner sent notice of the findings and award to the plaintiff's counsel. We conclude that it did not.

It is the sending of notice, and not the receipt thereof, that starts the appeal period running. *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 302, 650 A.2d 613 (1994). More on point, *Vega* v. *Waltsco, Inc.*, 46 Conn. App. 298, 302, 699 A.2d 247 (1997), addressed the issue of whether notice of a workers' compensation decision must be sent to counsel or to the plaintiff to trigger the commencement of the appeal period.

In *Vega*, the plaintiff suffered a back injury in the course of his employment and entered into a voluntary

---

[3] General Statutes § 31-301 (a) provides: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. The commissioner within three days thereafter shall mail the petition and three copies thereof to the chief of the Compensation Review Board and a copy thereof to the adverse party or parties."

agreement concerning workers' compensation benefits. Thereafter, a hearing was held on subsequent claims raised by the plaintiff. Id., 299–300. Notice of the commissioner's findings and award was sent to the plaintiff rather than to the plaintiff's counsel. This court held that the notice to the plaintiff was adequate to commence the appeal period. Furthermore, this court stated that the appropriate party to receive such notice was in fact the plaintiff and not the plaintiff's attorney.

The *Vega* court gave significant deference to the legislative intent of General Statutes § 31-301 (a), which led the court "to the conclusion that the legislature intended that notice of workers' compensation matters be sent directly to parties and not to counsel." *Vega* v. *Waltsco, Inc.*, supra, 46 Conn. App. 302. The court acknowledged that the Workers' Compensation Act, General Statutes § 31-275 et seq., could have contained a provision that expressly required that notice of a judicial decision be given to counsel, but it does not. *Vega* v. *Waltsco, Inc.*, supra, 301.

*Vega* supports the proposition that workers' compensation proceedings are different from trial court proceedings and are intended to provide swift compensation for an injury without the complexities of litigation. It is clear from *Vega* that the procedure by which a lawsuit is handled in the court system does not apply in workers' compensation matters.

In sum, this court determined in *Vega* that in workers' compensation matters, notice must be sent directly to the plaintiff in order for the appeal period to commence. The record here does not show that notice was ever sent to the plaintiff. Because the appeal period did not commence when the commissioner sent notice to the plaintiff's counsel, the appeal period never began to run, and the plaintiff's appeal was, therefore, not late.

The decision of the workers' compensation review board is reversed and the case is remanded with direction to deny the defendant's motion to dismiss and for further proceedings consistent with this opinion.