[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michelle Tryon, has brought this action against the defendants stemming from an incident in which the plaintiff was bit by a dog during a firefighter's parade. The dog was owned and kept by one of the defendants, Rush Turner, lll ("Turner"). Aside from Turner, the other defendants include the municipalities organizing the parade and the municipalities which employed Turner.
The defendants have now brought three separate motions for summary judgment to this court. While the individual motions for summary judgment address the applicable counts of the complaint, the focus of each motion is the argument that governmental immunity bars the plaintiff's claims and, thus, the defendants' are entitled to summary judgment as a matter of law.
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally responsible for their own tortious conduct." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield,244 Conn. 101, 107, 708 A.2d 937 (1998). "The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Id.
In a previous matter, this court held that the defendant was performing a duty of a discretionary nature. Tryon v. Town ofNorth Branford, Superior Court, judicial district of New London at New London, Docket No. 539713 (January 20, 1998, Handy, J.). Since the duty owed to the plaintiff is a discretionary one, then the plaintiff's claim must fall within one of the recognized exceptions. The exceptions include the following situations: 1) where the circumstances make it apparent to the public officer CT Page 14553 that his or her failure to act would be likely to subject an identifiable person to imminent harm; 2) where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and 3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Purzycki v. Fairfield,supra, 244 Conn. 108.
The only exception to the qualified immunity of a municipal employee for discretionary acts that is relevant to the present case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person. This exception has been construed to "apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994).
Thus, the question which this court must decide is whether the plaintiff is either a foreseeable victim in an identified class or an identifiable person in imminent harm.
In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether 1) the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; 2) whether the relationship was of a voluntary nature; the seriousness of the injury threatened; the duration of the threat of injury; and, 3) whether the persons at risk had the opportunity to protect themselves from harm. Id., 647-48.
In the present case, the court is of the opinion that the plaintiff was not a foreseeable victim of an identified class. Three recent Supreme Court cases; Purzycki v. Fairfield, supra,244 Conn. 108; Burns v. Board of Education, supra, 228 Conn. 640;Evons v. Andrews, 211 Conn. 501, 507, 559 A.2d 1131 (1989); have addressed the foreseeable victim of an identified class exception. Both Purzycki and Burns addressed injuries to children that occurred on school property during the school day. Evons, on the other hand, involved a negligence action against the city of Waterbury and its agents for failing to enforce statutes CT Page 14554 requiring the inspection of multi-family housing units which were later destroyed by fire.
In both Burns and Purzycki, the Court found that the injured plaintiff was a foreseeable victim of an identified class, in large part, because the plaintiff was a student to whom a larger duty was owed as "statutory and constitutional mandates demonstrate that children attending public schools during school hours are intended to be beneficiaries of certain duties of care." Burns v. Board of Education, supra, 228 Conn. 648. In the present case, there is no showing that the plaintiff was intended to be such a beneficiary. Furthermore, while the incidents in both Burns and Purzycki occurred at specific sites during limited times, the injuries alleged in the matter at hand are not bound to any such specific locations or time periods. Rather, the allegations of the complaint that the plaintiff was bitten by a firefighter's dog during a parade, are more akin to Evons in that any identifiable class of foreseeable victims, would tend to include all the participants of the parade. As was the case inEvons, such a broad range of possible victims is not an identifiable class. See Evons v. Andrews, supra, 211 Conn. 502
("the risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future").
The exception to governmental immunity for the exercise of a discretionary duty also encompasses the identifiable person/imminent harm situation. "The discrete person/imminent harm exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evons v. Andrews, supra,211 Conn. 507.
The plaintiff's allegations, construed in a manner most favorable to the plaintiff, indicate that the plaintiff was, in the literal sense, an identifiable person. The defendant Turner, the owner and keeper of the dog, saw the plaintiff bending down to pet the dog and would have been able to identify her. Whether Turner could have identified the plaintiff as being in imminent harm, however, requires a greater amount of attention.
"Imminent" has been interpreted as requiring more than an event which could have occurred at any time in the future or not at all. See Kalina v. City of Waterbury, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 265812 (April 21, 1994, Pittman, J.). Whether it is apparent to the defendants CT Page 14555 that their acts or failure to act subjected the plaintiff to imminent harm is normally a question of fact. Rheiner. PPA v.Lefevre, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 541267 (March 12, 1998, Teller, J.); Gooden v. Thomas, judicial district of Fairfield at Bridgeport, Docket No. 322849 (January 28, 1998, Maiocco, J.). Nonetheless, the initial determination of whether a party has sufficiently alleged that the imminent harm exception applies in the first instance is to be decided by the court as a matter of law. Elinsky v. Marlene, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 557659 (October 31, 1997, Hale, J.T.R.).
On a motion to strike, the court held that the plaintiff had failed to allege that the defendant had any knowledge of an immediate harm allegedly suffered by the plaintiff. Tryon v. Townof North Branford, supra, Superior Court, Docket No. 539713. The court reasoned [w]here an injury could have occurred at some point or not at all, the Supreme Court rejects the argument that an injured party was a readily identifiable victim subject to imminent harm . . . Further, the plaintiff fails to plead facts supporting imminency of harm. This case is not analogous to those where the immanency of harm exception applied. For example, this case does not involve a police officer who watched a drunken public brawl until someone was shot . . . nor does it involve a police officer who failed to stop a drunk driver who later caused a fatal car accident. " (Citations omitted; internal quotation marks omitted.) Id.
The plaintiff's latest amended complaint alleges that "the plaintiff, Michele Tryon, was an identifiable victim because the defendant, Rush Turner, III, knew that Michelle Tryon was petting his dog and was in close proximity to the dog's teeth." (Amended complaint, August 18, 1998, Count 1, § 11.) Other than the statement that the plaintiff was in close proximity to the dog's teeth, there is no other allegation as to the imminency of harm.
The defendants' move for summary judgment and argue that the defendant does not meet the exceptions to governmental immunity. In support of their respective motions, the defendants rely on the deposition of Turner. In his deposition, Turner states that the dog, who was in a harness, bit the plaintiff only after the plaintiff had grabbed the dog by the ears and pulled and jerked the dog's face toward her own. According to Turner, the whole incident happened so fast that there was nothing Turner could do CT Page 14556 to stop the plaintiff's actions. The defendants argue that this evidence shows that there is no genuine issue of material fact concerning the issue whether the plaintiff was an identifiable person in danger of imminent harm and thus the defendants are entitled to summary judgment as a matter of law.
The plaintiff, in opposition to the motions for summary judgment, argues that there are questions of fact that should be resolved by the trier of fact. The plaintiff also relies on the deposition testimony of Turner. Specifically, the plaintiff argues that Turner had previously restrained his dog from jumping on another person and that Turner, in spite of having his dog tightly on a leash, allowed the plaintiff to pull the dog some two and half feet. The plaintiff, accordingly, argues that these discrepancies create issues of material fact that are not appropriately decided on a motion for summary judgment.
The plaintiff has neither alleged any facts nor offered any evidence to show that the defendants had any knowledge as to the fact that the plaintiff was in danger of immediate harm. Unlike the situation in Setito v. Groton 178 Conn. 520, 528,423 A.2d 165 (1979), where a police officer witnessed a brawl and failed to act until after an individual was shot, the plaintiff has failed to show that the individual defendant Turner was aware that the plaintiff was in danger of immediate harm. Indeed, the evidence offered in support of the motions for summary judgment suggests that the whole incident was quite spontaneous and occurred as a result of conduct which Turner could not have reasonably foreseen in the course of his duties. See O'Neill v.State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 332721 (January 7, 1998, Skolnick, J.) ("the witnessing of a contemporaneous event that unfolded in a split moment does not rise to the level of the ' ability to see or know in advance' required to trigger a duty of care based on foreseeability").
Though the Connecticut "dog-bite" statute, General Statutes § 22-357, imposes liability upon the "owners and keepers" of a dog when the dog bites an individual, a municipal employee is immune from liability arising out of conduct in the course of his duty unless the employee's conduct falls within any of the exceptions to governmental immunity. In the present case, since none of the exceptions have been met, Turner, cannot be held responsible even under the "dog-bite" statute for an incident that occurred during the course of his duties. The legislature is CT Page 14557 presumed to consider existing legislation when it enacts a new law. Vega v. Waltsco, Inc., 46 Conn. App. 298, 302, 699 A.2d 247
(1997). The legislature has not specifically stated that § 22-357 is to be an exception to the general rules of governmental immunity.
The defendants' motion for summary judgment is granted.
J. Mihalakos, Judge