### HENRY KUDLACZ *v.* LINDBERG HEAT TREATING COMPANY ET AL.
### (SC 15994)

Callahan, C. J., and Borden, Berdon, Katz and Palmer, Js.

Argued April 20—officially released September 14, 1999

---

*Jacek I. Smigelski*, for the appellant (plaintiff).

*Richard S. Bartlett*, for the appellees (named defendant et al.).

*Opinion*

PALMER, J. Under General Statutes § 31-301 (a),[1] a party aggrieved by a decision of a workers' compensation commissioner (commissioner) has ten days within which to appeal that decision to the compensation review board (board). This certified appeal requires us to decide whether that ten day appeal period is tolled when the aggrieved party fails to file his appeal within the ten day period because, through no fault of his own, he does not receive notice[2] of the commissioner's decision prior to the expiration of that ten day period. The Appellate Court concluded that the appeal period

---

[1] General Statutes § 31-301 (a) provides in relevant part: "At any time within ten days after entry of an award by the commissioner . . . either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. . . ."

[2] When we refer throughout this opinion to a party receiving notice of a commissioner's decision, including the plaintiff, we are referring to the receipt of notice by that party's counsel, to the extent that the party is represented by counsel. In *Schreck* v. *Stamford*, 250 Conn. 592, 600–601, 737 A.2d 916 (1999), also decided today, we held that when a plaintiff wishing to appeal an adverse decision of a commissioner is represented by counsel in that appeal, the ten day appeal period prescribed by § 31-301 (a) begins to run on the date that the commissioner sends notice to the party's counsel, rather than to the party. As in *Schreck*, the plaintiff in this case was represented by counsel.

is not tolled in such circumstances. We disagree and, consequently, reverse the judgment of the Appellate Court.

The opinion of the Appellate Court sets forth the following undisputed facts. The plaintiff, Henry Kudlacz, "claimed to be injured on May 29, 1992, in the course of his employment as a delivery driver, and on June 4, 1992, in the course of his employment as a package sorter handler.[3] In considering the evidence and testimony presented, the . . . commissioner . . . concluded that the plaintiff was not credible and that he was not injured at either [employment] as he alleged and, to the extent [that] he may have had a repetitive trauma injury to his back at [the second employment], there was no resulting permanent disability and no compensable period of temporary disability since the [plaintiff] continued to work after the injury . . . . The commissioner vacated a voluntary agreement issued by the first employer and its insurance carrier based on mutual mistake of fact, and dismissed all claims for compensation and medical treatment presented by the plaintiff." (Internal quotation marks omitted.) *Kudlacz* v. *Lindberg Heat Treating Co.*, 49 Conn. App. 1, 2–3, 712 A.2d 973 (1998).

The commissioner sent notice of his decision via certified mail[4] to all parties, including the plaintiff, on

---

[3] "The plaintiff claims that the first injury was to his head and neck, and the second was to his back. The plaintiff sought [workers' compensation] benefits from his employers, the defendants Lindberg Heat Treating Company and United Parcel Service, Inc., and their respective insurance carriers, the defendants Crawford and Company and Liberty Mutual Insurance Company." *Kudlacz* v. *Lindberg Heat Treating Co.*, 49 Conn. App. 1, 2 n.3, 712 A.2d 973 (1998).

[4] General Statutes § 31-321, which prescribes the manner of serving notice for purposes of this state's Workers' Compensation Act, provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under [the Workers' Compensation Act] to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person

August 8, 1996.[5] The plaintiff filed his petition for review of the commissioner's decision with the board on August 21, 1996. The named defendant and its insurance carrier, also a defendant in this case, moved to dismiss the petition for lack of subject matter jurisdiction. Specifically, they claimed that the plaintiff had failed to file his petition within the ten day appeal period prescribed by § 31-301 (a) because, under controlling precedent, "the ten day period begins to run on the day on which the party wanting to appeal *is sent* meaningful notice of the commissioner's decision." (Emphasis added.) *Conaci* v. *Hartford Hospital*, 36 Conn. App. 298, 303, 650 A.2d 613 (1994).[6] In response, the plaintiff acknowledged that he had not filed the petition within ten days of August 8, 1996, the date on which the commissioner had sent notice to him. The plaintiff claimed, however, that, through no fault of his own, he did not receive such notice until after the expiration of the ten day period.[7] Under such circumstances, the plaintiff asserts, the limitation period was tolled, and the petition was timely because it was filed within ten days of the date that he received notice of the commissioner's decision. The board rejected the plaintiff's claim, stating that, under binding Appellate Court precedent, "the date

upon whom it is to be served at his last-known residence or place of business. . . ." See also *Kudlacz* v. *Lindberg Heat Treating Co.*, 3407 CRB 8-96-8 (June 6, 1997) ("[i]n order to facilitate a determination of when notice of a decision is sent . . . all commissioners [must] send out notices of their decisions via certified mail").

[5] Notice of the commissioner's decision was sent to the plaintiff's attorney, whose mailing address at that time was a post office box.

[6] The Appellate Court consistently has reaffirmed this interpretation of § 31-301 (a). See, e.g., *Vega* v. *Waltsco, Inc.*, 46 Conn. App. 298, 301, 699 A.2d 247 (1997); *Cyr* v. *Domino's Pizza*, 45 Conn. App. 199, 203–204 n.5, 695 A.2d 29 (1997); *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995). As we have concluded today in *Kulig* v. *Crown Supermarket*, 250 Conn. 603, 610, 738 A.2d 613 (1999), we agree with this construction of § 31-301 (a).

[7] The plaintiff's attorney represented that he received a facsimile copy of the decision on August 20, 1996, and an original copy on August 22, 1996.

of receipt of notice is not the issue . . . . [Rather,] it is the date meaningful notice of the [commissioner's] decision is *sent* by [the commissioner]." (Emphasis in original.) *Kudlacz* v. *Lindberg Heat Treating Co.*, 3407 CRB 8-96-8 (June 6, 1997). The board concluded, therefore, that it had "no choice but to dismiss the [plaintiff's] appeal for failure to timely file under § 31-301 (a)."[8] Id.

The plaintiff appealed from the decision of the board to the Appellate Court, claiming that the board improperly determined that his petition was untimely under § 31-301 (a). The Appellate Court, with one judge dissenting, affirmed the board's decision dismissing the plaintiff's petition for lack of subject matter jurisdiction. *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 49 Conn. App. 6. In rejecting the plaintiff's claim, the Appellate Court reaffirmed its prior precedent, holding that the ten day appeal period of § 31-301 (a) commences on the date meaningful notice of the commissioner's decision is sent to the party wanting to appeal. Id., 3–5. The court declined to make an exception for cases in which the aggrieved party can prove receipt of such notice after ten days from the date notice is sent. Id., 5–6. The court stated that to conclude that the ten day "appeal period [set forth in § 31-301 (a)] commences when notice of the appealable decision is received would create undue delay and difficulties in proving receipt by the party wanting to appeal. *Conaci* v. *Hartford Hospital*, supra, 36 Conn. App. 303. In determining when the appeal period commences, we rely, rather, on the records of the commission as to when notice is sent. Id., 304. As we recently stated, [t]his court must construe [§ 31-301 (a)] as it finds it without reference

---

[8] The plaintiff does not challenge the board's determination that it lacks subject matter jurisdiction over a petition for review that has not been filed within the period prescribed by § 31-301 (a). See, e.g., *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 648, 363 A.2d 1085 (1975); *Freeman* v. *Hull Dye & Print, Inc.*, 39 Conn. App. 717, 720, 667 A.2d 76 (1995).

to whether we feel that the law might be improved
. . . . [We] cannot rewrite a statute to accomplish a
particular result. That is the function of the legislature.
. . . *Vega* v. *Waltsco, Inc.*, [46 Conn. App. 298, 304, 699
A.2d 247 (1997)]." (Internal quotation marks omitted.)
*Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 5–6.[9]

We granted the plaintiff's petition for certification
limited to the following issue: "Did the Appellate Court
properly affirm the decision of the compensation review
board that it lacked subject matter jurisdiction over the
plaintiff's appeal because it was untimely, pursuant to
General Statutes § 31-301 (a)?" *Kudlacz* v. *Lindberg
Heat Treating Co.*, 247 Conn. 909, 719 A.2d 903 (1998).
On appeal to this court, the plaintiff seeks reversal of
the Appellate Court judgment on the ground that, under
the circumstances of this case, we must construe the
ten day appeal period of § 31-301 (a) as having been
tolled until the plaintiff received notice of the commis-
sioner's decision. The plaintiff contends that it would

[9] In dissent, Judge Spear agreed with the plaintiff that principles of funda-
mental fairness precluded the construction of § 31-301 (a) adopted by the
majority. *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 49 Conn. App. 6
(*Spear, J.*, dissenting). Judge Spear addressed the rationale underlying the
majority's decision as follows: "Finally, the majority correctly states that
we must construe § 31-301 as we find it without regard to whether the law
might be improved. The construction that I advocate does not change § 31-
301 in any way. It simply requires that the applicable time period be construed
in a manner that is consistent with constitutional due process. It is a funda-
mental rule that, if its language permits, a statute will be construed so as
to render it constitutionally valid. *Grega* v. *Warden*, 178 Conn. 207, 210, 423
A.2d 873 (1979). [The Connecticut] Supreme Court, in reliance on *Grega*,
later stated that a court is justified in holding that a statute was intended
to be subject to constitutional requirements, and that those requirements
are to be considered as embodied in the statute, if its terms do not exclude
such requirements. . . . *Bridgeport Bowl-O-Rama, Inc.* v. *Zoning Board
of Appeals*, 195 Conn. 276, 283, 487 A.2d 559 (1985). I see nothing in § 31-
301 that would preclude us from construing it so that the plaintiff, who
acted promptly after receiving notice, is not barred from pursuing his appeal.
I conclude that the appeal was timely filed." (Internal quotation marks
omitted.) *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 12 (*Spear, J.*, dis-
senting).

be fundamentally unfair to deprive him of his statutory right to appeal the commissioner's decision because, through no fault of his own, he did not receive notice of the commissioner's decision until the ten day period for filing his petition already had expired.[10] The plaintiff maintains that, in such circumstances, the legislature reasonably could not have intended the result reached by the Appellate Court. We agree with the statutory construction advocated by the plaintiff.

"[T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . As with any issue of statutory interpretation, our initial guide is the language of the statute itself. . . . Furthermore, we interpret statutory language in light of the purpose and policy behind the enactment." (Citations omitted; internal quotation marks omitted.) *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 26, 717 A.2d 77 (1998). Finally, in seeking to ascertain the intent of the legislature regarding the proper construction of § 31-301 (a), we are guided by "the golden rule of statutory interpretation . . . that the legislature is presumed to have intended a reasonable, just and constitutional result." (Internal quotation marks omitted.) *Hudson House Condominium Assn., Inc.* v. *Brooks*, 223 Conn. 610, 615, 611 A.2d 862 (1992).

Construed literally, § 31-301 (a) mandates that a party who wishes to appeal from an adverse ruling of the commissioner do so within ten days after the commissioner renders his or her decision. We previously have

---

[10] The plaintiff relies primarily on *Kron* v. *Thelen*, 178 Conn. 189, 423 A.2d 857 (1979), in which we stated that "[t]he right of appeal, if it is to have any value, must necessarily contemplate that the person who is to exercise the right be given the opportunity of knowing that there is a decision to appeal from and of forming an opinion as to whether that decision presents an appealable issue. Until the prospective appellant has either actual or constructive notice that a decision has been reached, the right of appeal is meaningless." (Internal quotation marks omitted.) Id., 193.

eschewed a literal interpretation of the ten day limitation period of § 31-301 (a), however, concluding that the legislature "[u]ndoubtedly . . . intended this provision to mean ten days *after notice to the party of the entry of such finding*; otherwise, in the event of the failure of the commissioner to notify the party of his finding and award within the ten-day period, the taking of the appeal would be fruitless." (Emphasis added.) *Murphy* v. *Elms Hotel*, 104 Conn. 351, 352, 133 A. 106 (1926) (interpreting General Statutes [1918 Rev.] § 5366, as amended by Public Acts 1919, c. 142, § 14, predecessor to § 31-301). "Fundamental rights to procedural due process mandate such a construction." *Trinkley* v. *Ella Grasso Regional Center*, 220 Conn. 739, 743, 601 A.2d 515 (1992).

We reach a similar conclusion with respect to the issue of statutory interpretation presented by this appeal. In light of the obvious unfairness inherent in depriving an aggrieved party of the right to appeal the commissioner's decision solely because of a failure of notice beyond that party's control, we will not lightly presume that the legislature intended such a result.[11] See id.; *Kron* v. *Thelen*, 178 Conn. 189, 193, 197, 423 A.2d 857 (1979); *Murphy* v. *Elms Hotel*, supra, 104 Conn. 352.

Although the short appeal period contained in § 31-301 (a) reflects the "intention of the framers of the [Workers' Compensation Act (act)] . . . to establish a speedy, effective and inexpensive method for determining claims for compensation"; *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 653, 363 A.2d 1085 (1975); there is nothing in the act to suggest that the quick resolution of compensation claims trumps all other considerations, including the right of an aggrieved party to obtain meaningful review of a commissioner's

---

[11] We note that neither party has presented us with any legislative history relative to the issue we decide today, and we are aware of none.

decision. On the contrary, the availability of such review is an integral part of the statutory scheme because, under the act, both the employer and employee surrender important rights otherwise available to them at common law. See, e.g., *Hunnihan* v. *Mattatuck Mfg. Co.*, 243 Conn. 438, 446, 705 A.2d 1012 (1997) ("The purpose of the [act] . . . is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. . . . Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without having to prove liability." [Internal quotation marks omitted.]). To bar an appeal by a party who, through no fault of his own, has not received notice of the commissioner's adverse decision, would be inconsistent with the right to appellate review expressly granted to an aggrieved party under § 31-301 (a). It is one thing to conclude that an aggrieved party has forfeited the right to such review by failing to take appropriate steps to perfect that right; it is another matter entirely, however, to deprive a party of the right to appeal solely because of a failure of notice for which that party bears no responsibility.[12]

The defendants contend that the construction of § 31-301 (a) urged by the plaintiff will further tax our already burdened workers' compensation system. Allowing an aggrieved party the opportunity to rebut the presumption of timely notice, the defendants maintain, is bound

---

[12] Of course, if an aggrieved party, either by action or inaction, thwarts reasonable efforts at notification, then that party reasonably cannot claim any unfairness if those efforts prove to be unavailing. Moreover, as this court has noted, a party's "own inaction in response to actual notice cannot be made the basis of a claim that he was not afforded due process." *Rogers* v. *Commission of Human Rights & Opportunities*, 195 Conn. 543, 548, 489 A.2d 368 (1985).

to spawn time-consuming litigation concerning when the aggrieved party actually received notice of the commissioner's decision, and whether that party bears any responsibility for the late notice. We are not persuaded by the defendants' argument. It will be the rare case in which notice sent to the parties by the commissioner via certified mail[13] fails to arrive at an aggrieved party's address within ten days of the date that it was sent. In light of the significant interests at stake, our workers' compensation system must be prepared to bear whatever slight burden may result from the need to resolve the unusual case in which a claim of lack of notice is raised.

We recognize that the statutory interpretation we adopt today may give rise to some inequities. For example, as the Appellate Court observed in *Conaci* v. *Hartford Hospital,* supra, 36 Conn. App. 304, a party receiving notice of a decision nine days after it has been sent by the commissioner has only one day within which to appeal, whereas a party who receives notice on the eleventh day has ten days within which to do so. Nevertheless, we agree with the observation of Judge Spear that "[t]here is no logic to the notion that the plaintiff, who received no notice during the ten day period, should lose his right to appeal because of the possibility that a case may arise in the future in which notice is received so late in the ten day period that the time to appeal is severely compressed. Such a case can be addressed if and when it arises." *Kudlacz* v. *Lindberg Heat Treating Co.,* supra, 49 Conn. App. 12 (*Spear, J.,* dissenting).

Accordingly, we conclude that the ten day appeal period of § 31-301 (a) is tolled when the aggrieved party

---

[13] See footnote 4 of this opinion.

establishes that, through no fault of his own, he did not receive notice of the commissioner's decision within ten days of the date that it was sent.[14] On remand, therefore, the plaintiff shall be afforded the opportunity to show that he did not receive notice of the commissioner's decision until August 20, 1996, as he has asserted; see footnote 7 of this opinion; and, furthermore, that he failed to receive such notice through no fault of his own.[15]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the board for further proceedings according to law.

In this opinion CALLAHAN, C. J., and BORDEN and KATZ, Js., concurred.

BERDON, J., concurring. I join the result—and only the result—of the majority opinion. For a discussion of the analytic framework that I would employ in matters such as the present case, see my dissenting opinion in *Schreck* v. *Stamford*, 250 Conn. 592, 602, 737 A.2d 916 (1999).

---

[14] Of course, the party also must establish that the appeal was filed within ten days from the date that he actually received notice of the commissioner's decision. It does not appear, however, that that fact is disputed in this case.

[15] The plaintiff claims that the board made a *factual finding* that he did not receive notice within the ten day appeal period and, consequently, that no further proceedings on that issue are necessary. We disagree with the plaintiff's characterization of the board's decision. Although the board did state that "[o]nly the [plaintiff] failed to receive notice within the ten-day appeal period"; *Kudlacz* v. *Lindberg Heat Treating Co.*, 3407 CRB 8-96-8 (June 6, 1997); that statement was made in connection with the board's discussion of the *argument* that the plaintiff's attorney had made in support of the plaintiff's claim that his petition for review should not be dismissed. There is nothing in the record to indicate that the board actually made a finding that the plaintiff had not received notice within the ten day period.