# ROBERT SCHRECK *v.* CITY OF STAMFORD
## (SC 16061)

Callahan, C. J., and Borden, Berdon, Katz and Palmer, Js.

Argued April 20—officially released September 14, 1999

*Richard S. Bartlett*, for the appellants (defendants).

*Joseph Lucian Gerardi*, for the appellee (plaintiff).

*Opinion*

PALMER, J. In this certified appeal, we must decide whether the Appellate Court properly concluded that, under General Statutes § 31-301 (a),[1] the ten day period for a party to appeal to the compensation review board (board) from an adverse decision of a workers' compensation commissioner (commissioner) begins to run on the date that the commissioner sends notice of the decision to the party,[2] rather than to the party's counsel. We conclude that the ten day limitation period commences on the date that notice is sent to the party's counsel. Accordingly, we reverse the judgment of the Appellate Court.

The following relevant facts are set forth in the opinion of the Appellate Court. "The . . . claim [of the plaintiff, Robert Schreck,] for workers' compensation

[1] General Statutes § 31-301 (a) provides: "At any time within ten days after entry of an award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the Compensation Review Board by filing in the office of the commissioner from which the award or the decision on a motion originated an appeal petition and five copies thereof. The commissioner within three days thereafter shall mail the petition and three copies thereof to the chief of the Compensation Review Board and a copy thereof to the adverse party or parties."

[2] General Statutes § 31-300 provides in relevant part: "As soon as may be after the conclusion of any hearing, but no later than one hundred twenty days after such conclusion, the commissioner shall send to each party a written copy of his findings and award. . . ."

General Statutes § 31-321 provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under [the Workers' Compensation Act] to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known residence or place of business. . . ."

[arose] out of a work-related motor vehicle accident
. . . . [The plaintiff's claim] was voluntarily accepted
by the defendant [the city of Stamford]. The defendant
. . . paid for the plaintiff's medical and indemnity bene-
fits. Subsequently, hearings were held before a . . .
commissioner to determine whether the defendant was
entitled to a credit for amounts the plaintiff received
from settlements with third parties.[3]

"The commissioner issued his decision in favor of
the defendant on March 29, 1996, and sent notice to
counsel for both parties on the same day. [According
to the plaintiff, his counsel did not receive notice of
the commissioner's decision until April 11, 1996.][4]
Notice was never sent directly to the plaintiff. . . .
[O]n April 11, 1996, [thirteen days after the commis-
sioner had sent notice to counsel for the parties] the
plaintiff filed a petition for review of the commissioner's
decision. On May 1, 1996, the defendant filed a motion
to dismiss the appeal on jurisdictional grounds, claim-
ing that the appeal was filed more than ten days after
the entry of the commissioner's decision.

"The board heard oral argument on both the motion
to dismiss and the merits of the appeal and then dis-
missed the appeal as untimely." *Schreck* v. *Stamford*,
51 Conn. App. 92, 93–94, 719 A.2d 1208 (1998). On appeal
to the Appellate Court, the plaintiff claimed, inter alia,
that the ten day appeal period of § 31-301 (a) begins to
run on the date that notice is sent to the party, rather
than to the party's counsel. See id., 93. According to
the plaintiff, because notice never was sent to him
directly, the ten day appeal period never began to run

---

[3] A discussion of the details concerning the defendant's claim for credit
is not necessary to our disposition of this appeal.

[4] The plaintiff's counsel claimed that the postal service had attempted
delivery of the notice to his office on March 30, 1996, a Saturday, but that
his office was closed on that day, and that he did not receive notice until
April 11, 1996.

and, consequently, his appeal was timely. See id., 93, 94. The Appellate Court agreed with the plaintiff and reversed the decision of the board. Id., 95–96. In concluding that the ten day appeal period of § 31-301 (a) does not begin to run until notice is sent to the party, rather than to the party's counsel, the Appellate Court relied primarily on its decision in *Vega* v. *Waltsco, Inc.*, 46 Conn. 298, 302, 699 A.2d 247 (1997). See *Schreck* v. *Stamford*, supra, 94–95. In *Vega*, "[n]otice of the commissioner's findings and award was sent to the plaintiff rather than to the plaintiff's counsel. [The Appellate Court] held that the notice to the plaintiff was adequate to commence the appeal period. Furthermore, [the] court stated that *the appropriate party to receive such notice was in fact the plaintiff and not the plaintiff's attorney.*" (Emphasis added.) Id., 95.

We granted the defendant's petition for certification limited to the following issue: "Did the Appellate Court properly conclude that, under General Statutes § 31-301 (a), the time for a party to appeal to the compensation review board from a decision of a workers' compensation commission does not begin until the commissioner sends notice of the decision to the party, rather than to the party's counsel?" *Schreck* v. *Stamford*, 247 Conn. 955, 723 A.2d 810 (1999). Contrary to the determination of the Appellate Court, we conclude that, in cases in which a party is represented by counsel, the ten day appeal period commences on the date that notice is sent to a party's counsel.[5]

The defendant acknowledges that the relevant statutory provisions, namely, General Statutes §§ 31-300 and

---

[5] In *Kudlacz* v. *Lindberg Heat Treating Co.*, 250 Conn. 581, 590–91, 738 A.2d 135 (1999), also decided today, we held that the ten day appeal period prescribed by § 31-301 (a) is tolled when a party wishing to appeal establishes that, through no fault of his own, he did not receive notice of the commissioner's decision within ten days of the date that it was sent. As we discuss later in this opinion, the plaintiff is entitled to establish that the appeal period was tolled in this case.

31-301 (a), speak in terms of parties, and not attorneys. Section 31-300 provides that "the commissioner shall send to each *party* a written copy of his findings and award"; (emphasis added); and § 31-301 (a) provides that "either *party* may appeal"; (emphasis added); from an adverse decision of the commissioner. The defendant contends, however, that a literal construction of these statutory provisions to exclude a plaintiff's attorney is inconsistent with the overarching purpose of the Workers' Compensation Act (act), namely, "to establish a speedy, effective and inexpensive method for determining claims for compensation." *Chieppo* v. *Robert E. McMichael, Inc.*, 169 Conn. 646, 653, 363 A.2d 1085 (1975); accord *Kudlacz* v. *Lindberg Heat Treating Co.*, 250 Conn. 581, 588, 738 A.2d 135 (1999). According to the defendant, the interpretation of §§ 31-300 and 31-301 (a) urged by the plaintiff would lead to confusion and place an unnecessary and unintended burden upon parties to workers' compensation cases who are represented by counsel. The plaintiff counters that failure to construe the pertinent statutory provisions literally would frustrate the intent of the legislature as expressed in the clear language of the act.

"The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citation omitted; internal quotation marks omitted.) *Luce* v. *United Technologies Corp.*, 247 Conn. 126, 133, 717 A.2d 747 (1998). "In construing a statute, common sense

must be used and courts must assume that a reasonable and rational result was intended." *Kron* v. *Thelen*, 178 Conn. 189, 192, 423 A.2d 857 (1979); accord *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 26, 717 A.2d 77 (1998). Finally, because the question presented by this appeal involves an issue of statutory construction, our review is plenary. E.g., *Coley* v. *Camden Associates, Inc.*, 243 Conn. 311, 318, 702 A.2d 1180 (1997).

Although §§ 31-300 and 31-301 (a) speak in terms of parties, that fact alone is not dispositive. Indeed, we have cautioned against reliance solely on the language of the act, even when that language appears to be clear, "since words seldom have precise or unvarying meanings." *Dos Santos* v. *F.D. Rich Construction Co.*, 233 Conn. 14, 20, 658 A.2d 83 (1995); see also *Duni* v. *United Technologies Corp.*, 239 Conn. 19, 25, 682 A.2d 99 (1996). Moreover, to avoid unfair results determined to be inconsistent with the intent of the legislature, we eschewed a literal interpretation of the language of § 31-301 (a) in *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 250 Conn. 590–91, in which we construed the ten day appeal period prescribed by § 31-301 (a) to include a tolling provision for the benefit of a party who wishes to appeal if that party can establish that, through no fault of his own, he did not receive notice within ten days of the date that notice was sent. See also *Murphy* v. *Elms Hotel*, 104 Conn. 351, 352, 133 A. 106 (1926) (although predecessor statute of § 31-301 (a) provided that ten day appeal period began to run from date of "entry" of commissioner's finding and award, legislature must have intended for appeal period to commence on date notice is given to party wishing to appeal). Because the consequences of the strict construction of § 31-301 (a) advanced by the plaintiff would be contrary to the overriding purpose of the act—to promote the efficient and speedy resolution of claims involving

employment-related injuries—we reject such a construction and conclude that, in cases in which a party is represented by counsel, the ten day appeal period commences when notice of the commissioner's decision is sent to the party's counsel, rather than to the party.

As the defendant asserts, the commissioner's delivery of notice to a party's chosen legal representative promotes efficiency in the workers' compensation system by relieving that party of the responsibility of forwarding such notice to his or her attorney. Indeed, we may presume that a party who has retained counsel in a workers' compensation case has done so precisely because that party does not wish to assume personal responsibility for complying with the various procedural requirements of the act. Moreover, the appeal period prescribed by § 31-301 (a) is very short; consequently, under the statutory construction advocated by the plaintiff, a party who receives notice of the commissioner's decision must promptly forward such notice to his or her counsel to avoid forfeiting the right to appeal. It is extremely unlikely that the legislature intended to impose such a burden on a party who has retained counsel for the specific purpose of representing the party on such matters.

In support of his claim that the legislature intended the ten day appeal period of § 31-301 (a) to begin running only upon notice to the party, the plaintiff points to two other provisions of the act; General Statutes §§ 31-298 and 31-299; that contain references both to parties and attorneys. Section 31-298 provides in relevant part: "Both parties may appear at any hearing, either in person or by attorney or other accredited representative, and no formal pleadings shall be required, beyond any informal notices that the commission approves. In all cases and hearings under the provisions of [the act], the commissioner shall proceed, so far as

possible, in accordance with the rules of equity. He shall not be bound by the ordinary common law or statutory rules of evidence or procedure, but shall make inquiry, through oral testimony, deposition testimony or written and printed records, in a manner that is best calculated to ascertain the substantial rights of the parties and carry out the provisions and intent of [the act]. . . ." This provision, which describes the relatively informal hearing procedure applicable to workers' compensation cases, distinguishes between parties and attorneys solely to make it clear that an attorney may appear in lieu of his or her client. Because this provision addresses the question of who may appear at the hearing, it was necessary for the legislature, in that context, to distinguish between parties and attorneys. There existed no similar need for the legislature to have distinguished between parties and attorneys in §§ 31-300 and 31-301 (a).

Section 31-299, upon which the plaintiff also relies, provides in relevant part: "At any hearing before a compensation commissioner no written statement, and no oral statement taken by means of tape recorder or any mechanical, electrical or electronic device, concerning the facts out of which the claim arose or affecting such claim, given by either party to the other, or to his agent, attorney or insurer, shall be admissible in evidence unless a copy of the written statement or a transcript of the oral statement, as the case may be, is retained by the party giving such statement . . . ." This section also provides no support for the plaintiff's claim that the use of the term "party" in § 31-301 (a) reflects an intent by the legislature purposefully to exclude counsel from the purview of § 31-301 (a). Rather, § 31-299 merely identifies those persons or entities to whom a written or oral statement may have been given, and provides that any such statement is not admissible

unless a copy or transcript of the written or oral statement, respectively, is retained by the party giving the statement. Again, § 31-299 distinguishes between parties and counsel only because that distinction is necessary in light of the purpose of that provision.

As we have indicated, a speedy and effective workers' compensation system is fostered by the recognition that parties frequently retain counsel to represent them. Although it undoubtedly is true that "many more attorneys are now involved in the [workers' compensation] system than had been envisioned by the founders of the system"; *Vega* v. *Waltsco, Inc.*, supra, 46 Conn. App. 304; the fact is that the founders recognized that parties to workers' compensation proceedings have the right to retain counsel, and the free exercise of that right never has been discouraged. Indeed, as one scholar observed when the act became law, "[t]he attitude of the Commissioners towards the legal profession may be expressed . . . as follows: They do not believe that sound public policy should require in a simple case the absorption of a considerable amount of the compensation in legal fees. . . . They recognize, however, *the right of the parties to have counsel in any case,* and in cases involving difficult questions of law and fact, and considerable amounts, they believe that injured parties and employers . . . are entitled to have all the light that can be secured, and that not only may the interests of the employer require expert assistance, but that it may be as unwise for an injured employee to try to handle his own claim for compensation as to attempt to heal his physical ills without a doctor." (Emphasis added.) G. Beers, "The Connecticut Compensation Act," 23 Yale L.J. 580, 587 (1914).

We are persuaded, therefore, that, in cases in which a party is represented by counsel, the ten day appeal period prescribed by § 31-301 (a) begins to run on the date that notice of a commissioner's decision is sent

to the party's counsel, rather than to the party. Accordingly, we reject the conclusion of the Appellate Court that the ten day notice period never began to run in this case because notice was not sent directly to the plaintiff.

Notwithstanding our conclusion, the plaintiff nevertheless may be entitled to reinstatement of his appeal. The plaintiff consistently has maintained, both before the board and on appeal to the Appellate Court and this court, that his counsel did not receive notice of the commissioner's decision until more than ten days after the commissioner had mailed notice to counsel. In light of our holding today in *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 250 Conn. 590–91; see footnote 5 of this opinion; the plaintiff is entitled to establish that his counsel did not receive timely notice of the decision, and that counsel failed to receive such notice through no fault of his own. If the plaintiff is able to make the requisite showing, then the plaintiff's appeal to the board must be reinstated.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the board[6] for further proceedings according to law.

In this opinion CALLAHAN, C. J., and BORDEN and KATZ, Js., concurred.

---

[6] On appeal to the Appellate Court, the plaintiff also claimed, for the first time, that the notice the commissioner sent to his counsel via certified mail, *return receipt requested*, did not comply with General Statutes § 31-321; see footnote 2 of this opinion; because that type of mailing is not expressly authorized under that provision. Because we did not certify this issue, the parties have not briefed it and, consequently, we do not address it. Although we ordinarily would remand the case to the Appellate Court for consideration of that alternative ground for affirmance, we do not do so in this case for two reasons. First, the issue potentially will be moot if the plaintiff establishes that he is entitled to reinstatement of his appeal under our holding in *Kudlacz* v. *Lindberg Heat Treating Co.*, supra, 250 Conn. 590–91. Second, the plaintiff did not raise this claim before the board and, accordingly, the Appellate Court would not be bound to consider it. In light of these considerations, we deem it appropriate to have the case remanded to the

BERDON, J., concurring in part and dissenting in part. During my quarter of a century on the bench, I have witnessed a great many injustices that resulted from the application of hypertechnical rules to untimely appeals. Such rules prevent controversies from being decided on the merits, they add substantial costs to the litigation process,[1] they increase the cost of insurance premiums for legal malpractice coverage and—most importantly—they deprive litigants of justice. In my view, such rules have no place in our society as we approach the new millennium. Unfortunately, my colleagues in the majority disagree.

Under our supervisory powers, I would adopt the following universal[2] rule: An appeal is timely if it is filed within a reasonable time after the statutory deadline, unless the party seeking dismissal can demonstrate either (1) that the text of the relevant statute explicitly and unambiguously provides that strict compliance with the deadline is a jurisdictional prerequisite or (2) that permitting the appeal to go forward will result in undue prejudice.[3] In the absence of one of these two showings, it is unjust to prohibit a litigant from having his or her day in court simply because his or her attorney failed to file certain documents at a particular time. Although I am not surprised that my colleagues on this court disagree with me, it is my hope that the legislature will enact a statute adopting the equitable rule that I have proposed.

---

board, which may, in its discretion, entertain the plaintiff's claim should the plaintiff choose to pursue it.

[1] See, e.g., *Kudlacz* v. *Lindberg Heat Treating Co.*, 250 Conn. 581, 738 A.2d 135 (1999).

[2] I would apply this rule to all statutory periods of limitation before all courts, all administrative commissions, and all administrative review boards.

[3] If a party attempts to demonstrate that permitting the appeal to go forward will result in undue prejudice, I would require a hearing before the trial court or the administrative body in order to evaluate the merits of this argument.

Applying this rule to the facts of the controversy before us, it is apparent that the trial court improperly dismissed the present case. Nevertheless, I join that aspect of the majority opinion that affords parties an opportunity to establish that counsel did not receive timely notice of relevant decisions. In my view, the contrary result would violate both the constitution and fundamental principles of equity.

Accordingly, I concur in part and dissent in part.