[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, James Azzarito, Susan Azzarito, George Harvey, Elizabeth Harvey, Edward Walsh and Patricia Walsh appealed the decision of the defendant, the Planning and Zoning Commission of the Town of New Canaan (the Commission), that approved the application of the defendant, John Kessler, for a subdivision of the property known as 8 Wing Road, New Canaan, Connecticut (the subdivision premises). The defendant, John Kessler, moves to dismiss this appeal as to the plaintiffs, James Azzarito, Susan Azzarito, George Harvey and Elizabeth Harvey (the named plaintiffs)[1] on the grounds that the plaintiffs are not statutorily or classically aggrieved.[2] Practice Book § 10-31 provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." The named plaintiffs must plead and prove aggrievement for the court to have subject matter jurisdiction over an administrative appeal. Jolly, Inc. v. Zoning Boardof Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996).
The named plaintiffs claim statutory aggrievement pursuant to General Statutes § 8-8. Section 8-8 (1) provides in relevant part: "`aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved CT Page 14210 in the decision of the board." While the named plaintiffs do not own property within a radius of one hundred feet of land owned by Kessler, they abut or own portions of Wing Road. Wing Road is a private road that provides access to the subdivision premises. Neighboring property owners, including Kessler and the Harveys, own portions of Wing Road with easements granted for ingress and egress and all lawful purposes from their properties. The named plaintiffs argue the Commission's thorough consideration of the subdivision's impact on Wing Road caused Wing Road in its entirety to be land involved in the Commission's decision. In response, Kessler argues that the named plaintiffs are not statutorily aggrieved pursuant to § 8-8 because they do not abut or own property within a radius of one hundred feet of the Kessler's subdivision premises.
The court holds that Wing Road in its entirety was involved in the Commission's decision pursuant to § 8-8. "[T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . As with any issue of statutory interpretation, our initial guide is the language of the statute itself. . . . Furthermore, we interpret statutory language in light of the purpose and policy behind the enactment." Kudlacz v. Lindberg Heat Treating Co., 250 Conn. 581,587, 738 A.2d 135 (1999). Specifically, "[t]he right of an abutter or any person owning land that is within a radius of 100 feet of any portion of the land involved in a decision of the zoning agency to appeal was provided by Public Acts 1967, No. 712, and Public Acts 1977, No. 77-470, respectively. The legislative history of each of these statutory changes sheds no light on our quest. We therefore look to the effect of the changes in and of themselves to indicate legislative intent. Both forms of statutory aggrievement reveal a significant liberalization of the law of aggrievement concerning those who can appeal to court from a decision of a zoning agency." Caltabiano v. Planning Zoning Commission,211 Conn. 662, 667-68, 560 A.2d 975 (1989).
Here, the express language of § 8-8 does not limit "the land involved in the decision" to the applicant's property. Moreover, the legislature's liberalization of the law of aggrievement does not favor narrowly construing § 8-8 to limit "the land involved in the decision" to the applicant's property. During the public hearings concerning Kessler's subdivision application, the Commission gave significant consideration to the subdivision's impact on Wing Road in its entirety, not solely to the portion of Wing Road owned by Kessler. In particular, the Commission heard testimony concerning whether the subdivision would cause Wing Road to be widened and whether the: subdivision would cause increased traffic on Wing Road. See (ROR exh. 16, pp. 46-57; ROR exh. 17, pp. 10-65). Consequently, Wing Road in its entirety was land involved in the decision of the commission pursuant to CT Page 14211 § 8-8.
The named plaintiffs are statutorily aggrieved pursuant to § 8-8
because they abut or are within a one hundred feet radius of Wing Road in its entirety. While the Harveys own a portion of Wing Road, the Azzaritos own property abutting Wing Road. Accordingly, the court denies Kessler's motion to dismiss.
So Ordered.
D'ANDREA, J.