[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The defendant moves to strike counts one, four, five and six of the plaintiff's complaint on the ground that each count fails to state a claim upon which relief can be granted.
 FACTS
CT Page 14344
On February 28, 2000, the plaintiff, Joseph Sullivan, filed a complaint against the defendant, Analysis Technology, Inc.[1] According to the complaint, the plaintiff was employed by the defendant. The defendant was a subcontractor of the Naval Undersea Warfare Center (NUWC)in Rhode Island, which was awarded United States Government contracts. The plaintiff's wife was employed by Science Applications International Corporation (SAIC), which was also a subcontractor of NUWC. In March 1998, the plaintiff's wife attempted to report fraudulent activities that were taking place at SAIC. After the plaintiff's wife reported the activities at SAIC, the plaintiff was transferred to the defendant's office in North Stonington, Connecticut. On December 18, 1998, the plaintiff's employment was terminated.
In the six count complaint, the plaintiff alleges claims for wrongful termination, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of an implied contract, breach of the implied covenant of good faith and fair dealing, and the violation of 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organization.
On August 22, 2000, the defendant filed a motion to strike[2] counts one, four, five and six[3] of the complaint. The defendant further filed a memorandum in support of the motion (memorandum in support), a supplemental memorandum in support of the motion (supplemental memorandum) and a reply memorandum to the plaintiff's opposition to defendant's motion to dismiss (reply memorandum) on the same date.[4]
The plaintiff filed a memorandum in opposition to the defendant's motion to strike on September 14, 2000.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike CT Page 14345 admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 250 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
A. Count One: Wrongful Termination
The traditional rule in Connecticut governing employment at-will contracts is that such contracts are terminable at the will of either party without regard to cause. See Torosyan v. Boehringer IngelheimPharmaceuticals, Inc., 234 Conn. 1, 14-15, 662 A.2d 89 (1995). The doctrine of wrongful discharge is a narrow exception to this rule. SeeBurnham v. Karl Gelb, P.C., 252 Conn. 153, 159, 745 A.2d 178 (2000).
A common law cause of action for wrongful discharge is recognized "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original; internal quotation marks omitted.) See also Carbone v. Atlantic Richfield Co., 204 Conn. 460,466-67, 528 A.2d 1137 (1987) (same); Sheets v. Teddy's Frosted Food,Inc., 179 Conn. 471, 475, 427 A.2d 385 (1980) (same). The Supreme Court "recognized a public policy limitation on the traditional employment at-will doctrine in an effort to balance the competing interests of employers and employees." Daley v. Aetna Life Casualty Co.,249 Conn. 766, 798, 734 A.2d 112 (1999). "`[T]he public policy exception to the general rule allowing unfettered termination of an at-will employment relationship is a narrow one . . .'" Burnham v. Karl Gelb,P.C., supra, 252 Conn. 159, quoting Parsons v. United TechnologiesCorp., 243 Conn. 66, 79, 700 A.2d 655 (1997).
"[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v.Hartford Courant Co., 200 Conn. 676, 679, 513 A.2d 66 (1986). The Supreme Court has "recognized the inherent vagueness of the concept of public policy and the difficulty encountered when attempting to define precisely the contours of the public policy exemption. In evaluating claims, [w]e look to see whether the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . or whether he alleged that his dismissal contravened any judicially conceived notion of public policy." (Internal quotation marks omitted.)Daley v. Aetna Life Casualty Co., supra, 249 Conn. 798. CT Page 14346
An employer's termination of an employee in retaliation for opposing or reporting illegal activity or improper conduct in the workplace has been recognized as a violation of public policy by statute and case law. See, e.g., 29 U.S.C. § 660 (c)(1)[5] General Statutes § 31-51m[6]Parsons v. United Technologies Corp., supra, 243 Conn. 80 (employee wrongfully discharged for refusing to work when employer failed to provide safe place of employment); Sheets v. Teddy's Frosted Foods, Inc.,
supra, 179 Conn. 480 (employee wrongfully terminated for insisting that employer comply with the Connecticut Uniform Food, Drug and Cosmetic Act). "The question of whether a challenged discharge violates public policy . . . is a question of law to be decided by the court, not a question of fact that a plaintiff must allege in his complaint." Faulknerv. United Technologies Corp., supra, 240 Conn. 588.
The defendant moves to strike count one on the ground that the plaintiff has failed to state a claim for wrongful discharge because he has failed to identify the public policy that has been violated by the defendant. (Memorandum in support, p. 4.) The defendant argues that the plaintiff is required to allege that he was fired because he was exercising a legal right or engaged in conduct which amounted to a protected activity. (Memorandum in support, p. 7.)
To determine whether the plaintiff has alleged facts sufficient to state that his discharge involved an impropriety derived from some important violation of public policy, the court looks to the allegations of count one. The plaintiff alleges that "[t]he Defendant's action in terminating the plaintiff was wrongful and against public policy in that: (a) The Defendant terminated the Plaintiff in retaliation for the Plaintiff's wife's revelation of the aforesaid illegal conduct at the instruction of NUWC's agent and/or employee, referenced above; (b) The Defendant terminated the Plaintiff in order to ensure that NUWC continued to authorize payments of monies to AT pursuant to various United States Government contracts; (c) The Defendant terminated the Plaintiff so as to assist NUWC in covering up this illegal conduct; (d) The Defendant terminated the Plaintiff so as to threaten and/or intimidate the Plaintiff and/or his wife in an effort to dissuade them from revealing the aforesaid illegal conduct of NUWC, SAIC and/or A T; and or (e) The Defendant terminated the Plaintiff in furtherance of its racketeering activities in violation of 18 U.S.C. § 1961 et seq." (Complaint, Count One, ¶ 10.)
The plaintiff has sufficiently alleged a claim for wrongful discharge. The plaintiff has alleged that he was terminated in retaliation for his wife exposing the illegal activity at SAIC, and to cover up the illegal activity and to prevent the plaintiff and his wife from further revealing CT Page 14347 such illegal activity. Terminating an employee in retaliation for reporting illegal activity or improper conduct in the workplace has been recognized as a violation of public policy. See Sheets v. Teddy's FrostedFoods, Inc., supra, 179 Conn. 480. Thus, plaintiff has alleged that he was terminated in violation of public policy. Viewing the allegations in the light most favorable to the plaintiff and taking the allegations as true, the court finds that the plaintiff has sufficiently alleged a claim for wrongful discharge. Therefore, the defendant's motion to strike count one of the plaintiff's complaint is denied.
B. Count four: Breach of an Implied Contract
"[A]II employer-employee relationships not governed by express contracts involve some type of implied contract of employment." (Internal quotation marks omitted.) Gaudio v. Griffin Health Services Corp.,249 Conn. 523, 532, 733 A.2d 197 (1999). An employee may recover for breach of an implied contract by proving that it was not an at-will contract because of contract terms that can be implied from the dealings between the parties. See Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 112, 544 A.2d 170 (1988). "A contract implied in fact, like an express contract, depends on actual agreement." (Internal quotation marks omitted.)Id., 111.
"To prevail on such a claim, the employee must prove by a fair preponderance of the evidence that the employer agreed, "either by words or action or conduct, to undertake [some] form of actual contract commitment' to the employee that she will not be discharged except for just cause." Pavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 593,711 A.2d 747, cert. Denied, 245 Conn. 911, 718 A.2d 17 (1998), quotingTorosvan v. Boehrinaer Ingelheim Pharmaceuticals, Inc., supra,234 Conn. 15. "The plaintiff's belief that he had an employment contract with the defendant, without more, is insufficient to sustain an implied contract claim." Reynolds v. Chrysler First Commercial Corp.,40 Conn. App. 725, 732, 673 A.2d 573, cert. Denied, 237 Conn. 913,675 A.2d 885 (1996). "[I]n order to allege the existence of an implied contract between the parties, the plaintiff must allege facts that support her claim that the employer agreed, either by words or conduct, to undertake a contractual commitment. . . ." Sherman v. Sedgwick Jamesof Connecticut, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326150 (February 10, 1997, Melville, J.), citingTorosyan v. Boehringer Ingelheim Pharmaceuticals, Inc., supra,234 Conn. 15. See also Chmelecki v. Decorative Screen Printers, Inc.,
Superior Court, judicial district of New London at New London, Docket No. 532041 (June 19, 1995, Hurley, J.) (motion to strike granted where plaintiff did not allege sufficient facts from which it could be found that an implied contract existed). CT Page 14348
The defendant moves to strike count four because the plaintiff "does not specify any alleged words, acts or conduct by which the Defendant agreed that the Plaintiff would not be discharged without just cause . . . the Plaintiff makes conclusory allegations, unsupported by facts. . . ." (Memorandum in support, p. 10.)
The plaintiff incorporates the allegations in paragraphs one through ten of count one, for wrongful termination, as paragraphs one through ten of count four, for breach of an implied contract. The plaintiff further alleges that he was employed "by virtue of an implied contract, the terms of which prohibited the Defendant from terminating the Plaintiff in order to further illegal or improper conduct . . . the actions of the Defendant as set forth above constitute a violation of said implied contract of employment." (Complaint, Count Four, ¶¶ 11, 12.)
The plaintiff has merely stated a legal conclusion and has not alleged any facts that support the legal conclusion that an implied contract existed between the plaintiff and the defendant. "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions. . . ." Faulkner v. United Technologies Corp., supra, 250 Conn. 588. In the absence of allegations that an implied contract was created by words, actions or it conduct, the plaintiff's claim for breach of an implied contract is not legally sufficient. Therefore, the motion to strike count four is granted.
C. Count five: Breach of the Implied Covenant of Good Faith and FairDealing
An employee can bring a cause of action for breach of the implied covenant of good faith and fair dealing in an employment contract, even an employment at-will. See Magnan v. Anaconda Industries, Inc.193 Conn. 558, 568-72, 479 A.2d 781 (1984). "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction. We see no reason presently, therefore, to enlarge the circumstances under which an at-will employee may successfully challenge his dismissal beyond the situation where the reason for his discharge involves impropriety . . . derived from some important violation of public policy." (Internal quotation marks omitted.) Id., 572. "In the absence of a public policy violation, there is no breach of the implied covenant of good faith and fair dealing." Doherty v. Sullivan, 29 Conn. App. 736, 743, 618 A.2d 56
(1992). CT Page 14349
The defendant moves to strike count five on the ground that the plaintiff fails to allege that the defendant's reason for discharging the plaintiff was in contravention of public policy. (Memorandum in support, p. 13.)
The plaintiff incorporates the allegation in paragraphs one through ten of count one, for wrongful termination, as paragraphs one through ten of count five, for breach of the implied covenant of good faith and fair dealing. The plaintiff further alleges that he was employed "by virtue of an implied contract . . . contained within it a covenant of good faith and fair dealing whereby the Defendant was prohibited from terminating the Plaintiff in order to further illegal or improper conduct . . . [t]he actions of the Defendant as set forth above constitute a violation of the covenant of good faith and fair dealing." (Complaint, Count Five, ¶ 11.)
Although the plaintiff has alleged the existence of an implied contract, that is unnecessary. The implied covenant of good faith and fair dealing applies even to at-will employees. The at-will employee must allege a violation of public policy in order to have a legally sufficient claim.
The issue of whether the plaintiff has alleged that his termination was made in violation of public policy was addressed in part A with regard to the plaintiff's wrongful termination claim in count one. As the court found the allegations under the wrongful termination claim to be sufficient to establish a violation of public policy, the same it allegations are sufficient to establish a violation of public policy for a claim of breach of the implied covenant of good faith and fair dealing. Viewing the facts in the complaint in the light most favorable to the plaintiff, the court finds that the plaintiff has alleged that he was terminated by the defendant for reasons that violate public policy. As such, the plaintiff's claim for the implied covenant of good faith and fair dealing is legally sufficient. Therefore, the defendant's motion to strike count five of the plaintiff's complaint is denied.
 CONCLUSION
The plaintiff has sufficiently plead that he was terminated by the defendant for reasons that violate public policy. Thus, the claims for wrongful discharge and breach of the implied covenant for good faith and fair dealing are legally sufficient. Therefore, the defendant's motion to strike counts one and five is denied. Additionally, the plaintiff has not sufficiently plead that an implied contract existed between the defendant and the plaintiff. Therefore, the defendant's motion to strike count four is granted. CT Page 14350
D. Michael Hurley, Judge Trial Referee