[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Leslie Cunningham alleges the following facts. Pursuant to a contract with the State of Connecticut, Tilcon Connecticut, Inc. (Tilcon) was resurfacing a southbound section of Interstate 395 and was in control of and responsible for maintaining an area of the roadway south of and within the area of the exit seventy-nine on-ramp. On July 29, 1999, the plaintiff was driving her vehicle southbound on Interstate 395 near the exit seventy-nine on-ramp. As a result of the highway repairs, traffic had backed up and the plaintiff was forced to bring her vehicle to a complete stop in a curved area of the road. Due to the plaintiffs location, her vehicle could not be seen by motorists approaching from behind. The plaintiffs vehicle was struck in the rear by the vehicle of Dylan Bisi and possibly by the vehicle of another unknown driver. The plaintiff alleges that Bisi and the unknown driver were negligent, careless and a substantial factor in causing her injuries.
In her first count, not at issue in this motion, the plaintiff alleges that pursuant to her uninsured motorist insurance policy with the defendant Northern Insurance Company of New York (Northern), it is liable for compensatory damages caused by Bisi and the unknown driver. At issue are the plaintiffs allegations that the actions of Tilcon in maintaining and controlling Interstate 395 constituted a nuisance (count two) and a violation of the defective highway statute, General Statutes §13a-149 (count three). Tilcon seeks to strike these counts.
DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation CT Page 9465 marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation mark omitted.) Gazov. Stamford, 255 Conn. 245, 260-61, 765 A.2d 505 (2001).
 A
Tilcon argues that count two of the plaintiffs complaint should be stricken because the plaintiff fails to allege a necessary element to establish a claim for nuisance, specifically whether Tilcon's use of the roadway was unlawful or unreasonable. The plaintiff argues that count two states a legally sufficient cause of action because the plaintiff alleges that Tilcon created and maintained a nuisance. The plaintiff further argues that although she may have to prove that Tilcon's use of the highway was unreasonable at trial, she does not need to prove the unreasonableness of Tilcon's actions in the allegations of her complaint.
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786
(1990). "Whether the elements necessary to establish a claim of nuisance have been proven is . . . a question of fact which is ordinarily determined by the trier of fact." (Internal quotation marks omitted.)Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 197,602 A.2d 1011 (1992). "A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." (Internal quotation marks omitted.) Elliot v. Waterbury, 245 Conn. 385, 420, 715 A.2d 27 (1998). "In addition, [where] the plaintiffs injury [is] not related to a right which [the plaintiff] enjoys by reason of [her] ownership of an interest in land . . . and [the claim] cannot be sustained as a private nuisance, the plaintiff has the additional burden associated with establishing a public nuisance, namely, proving that the nuisance interferes with a right common to the general public." (Citation omitted; internal quotation mark omitted.) Id., 421.
"The test of unreasonableness is essentially a weighing process, involving a comparative evaluation of conflicting interests in various CT Page 9466 situations according to objective legal standards." (Internal quotation marks omitted.) Walsh v. Stonington Water Pollution Control Authority,250 Conn. 443, 456, 736 A.2d 811 (1999). In DeLahunta v. Waterbury,134 Conn. 630, 633, 59 A.2d 800 (1948), the plaintiffs alleged that a traffic stanchion maintained by the city of Waterbury in an intersection "constituted a nuisance and a continuing condition, the natural tendency of which, was to create danger and inflict injury upon person or property especially whenever weather conditions were as described." (Internal quotation marks omitted.) Despite the fact that the plaintiffs' had not specifically alleged that the actions of the defendant, the city, were unreasonable or unlawful, the Supreme Court concluded that the plaintiffs' allegations and the evidence presented at trial were sufficient to satisfy the unlawful or unreasonable requirement of nuisance. Id., 639.
In count two, paragraph four of her complaint dated May 3, 2001, the plaintiff alleges the following: "In its maintenance and control of the subject roadway, the defendant, Tilcon, intentionally created and maintained a nuisance, a continuing condition, the natural tendency of which was to create danger and inflict injury upon users of the road in general, and the plaintiff in particular, in that it obstructed portions of the southbound roadway, narrowing same, causing traffic to stop at a location and under circumstances where southbound motorists north of the subject area were unable to see the stopped traffic and avoid collision with it."
The plaintiff specifically alleges in paragraph four of her complaint that the condition of the road creates a dangerous condition and obstructs portions of the roadway. It can be inferred from the plaintiffs allegations that the plaintiff views the conditions of the road as unreasonable. Viewing the complaint in the light most favorable to the plaintiff, as required by Faulkner v. United Technologies Corp., supra,240 Conn. 580, the plaintiff has alleged facts. sufficient to meet the requirement that the defendant's use of the land was unreasonable or unlawful. See Walsh v. Stonington Water Pollution Control Authority, supra, 250 Conn. 456. Accordingly, Tilcon's motion to strike count two of the plaintiffs complaint is denied.
 B
Tilcon argues that count three of the plaintiffs complaint should be stricken because the plaintiff improperly alleges a statutory cause of action against Tilcon under General Statutes § 13a-149, the defective highway statute, for failure to keep a public highway in repair. Tilcon argues that under § 13a-149 and other statutes governing highways in Connecticut, the plaintiff must sue the Commissioner of Transportation CT Page 9467 (Commissioner) for injuries that occur upon public highways. In contrast, the plaintiff argues that § 13a-149 contemplates that a corporation may be bound to keep a public road in repair and, therefore, may also be sued under § 13a-149.
"[T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . As with any issue of statutory interpretation, [a court's] initial guide is the language of the statute itself. . . . Furthermore, [courts should] interpret statutory language in light of the purpose and policy behind the enactment" (Internal quotation marks omitted.) Kudlacz v. Lindberg HeatTreating Co., 250 Conn. 581, 587, 738 A.2d 135 (1999).
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity. . . . The state legislature . . . possesses the authority to abrogate any governmental immunity by statute that the common law gives to the state and municipalities. . . . Indeed, this is what the legislature did in the area of highway defects when it enacted the state and municipal highway liability statutes. The state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of the statute. Therefore, because the state has permitted itself to be sued in certain circumstances, this court has recognized the well established principle that statutes in derogation of sovereign immunity should be strictly construed." (Internal quotation marks omitted.) White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195
(1990).
General Statutes § 13a-144 provides in part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner of the superior court. . . . This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or to the person an amount equal to the judgment it has so paid."
Section 13a-149 provides in part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation 6? borough, CT Page 9468 unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer, of such corporation."
In addition, General Statutes § 13b-24 (b) provides that "[T]he commissioner of transportation shall have general responsibility for the highways of the state, with all the powers and duties established under title 13a, this chapter and as otherwise provided by law." General Statutes § 13b-26 vests the Commissioner with the authority to make alterations to the state highway systems. As Interstate 395 is a highway of the state, the Commissioner is responsible for maintenance work and any construction thereon.
Although the Commissioner may contractually delegate the statutory duty to keep public highways in repair, the Commissioner may not contractually delegate ultimate legal responsibility for public highways. Gazo v.Stamford, supra, 255 Conn. 255. "The Commissioner . . . is the only one
upon whom is imposed the duty to repair under § 13a-144. The language in the subrogation portion [of the defective highway statute] speaks plainly only to a contractor's or other person's liability to the state insubrogation where the Commissioner has already become liable to a plaintiff injured through the neglect or default of a contractor or other person. It does not speak to the liability of a contractor or other person to a plaintiff in damages because of injuries suffered from a defective highway." (Emphasis in original; internal quotation marks omitted.) Whitev. Burns, supra, 213 Conn. 326. Because the Commissioner is the only party bound to maintain state highways pursuant to § 13a-144, the plaintiff cannot assert a legally sufficient cause of action based on § 13a-149 against a private contractor, like Tilcon. Therefore, this court grants the defendant's motion to strike count three of the plaintiffs complaint.[1]
 _________________ BERGER, JUDGE