[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is an appeal from a decision by the Commissioner of Revenue Services denying the claim of the plaintiff, Paul Tudor Jones II, for a refund of a conveyance tax paid on the transfer of property which the plaintiff claims to be exempt from taxation as a transfer of property between spouses. The parties have filed cross motions for summary judgment and have stipulated to all relevant facts.
On April 30, 1991, the plaintiff purchased property located at 25 Sherwood Avenue in Greenwich, which he and his wife, Sonia K. Jones, thereafter occupied as their personal residence. On December 5, 1994, the plaintiff purchased another residential property located at 92 Harbor Drive in Greenwich.
On May 14, 1996, the plaintiff transferred the 25 Sherwood Avenue residence to his wife. Because this transfer was a conveyance between spouses, the plaintiff was exempt from the payment of a conveyance tax pursuant to General Statutes § 12-498 (a) (14). On the same day, the plaintiffs wife created a Qualified Personal Residence Trust (QPRT), and transferred the title to the Sherwood Avenue residence to James I. Black, III, the trustee of the QPRT. On April 22, 1998, Black, the trustee, sold the Sherwood Avenue residence to a third party and paid a conveyance tax of $96,500 on the sale. Black kept the proceeds of the Sherwood Avenue sale in liquid assets of $9,869,313 in the trust account. On March 24, 1999, the plaintiff gave his wife $8,630,687, which she then transferred as a gift to the trust, so that the trust had accumulated the sum of $18,500,000. The plaintiff conveyed the Harbor Drive residence to Black as trustee of the QPRT. Black, as trustee, paid the plaintiff the sum of $18,500,000 as the consideration for the conveyance. The plaintiff claims that no conveyance tax was due on this transfer of the Harbor Drive property to the trustee since the conveyance was in reality between the plaintiff and his wife and was therefore exempt from the conveyance tax under § 12-498 (14) as a transfer CT Page 15334-cs between spouses. The Commissioner disagreed that this conveyance from the plaintiff to the trustee was exempt from the conveyance tax, and therefore, levied a conveyance tax of $181,000 against the plaintiff. The plaintiff paid a conveyance tax of $181,000, then filed a request for a full or partial refund with the Commissioner, on the ground that the QPRT "should be treated as the spouse herself for purposes of the application of the conveyance tax." (See Stipulation of Facts, para. 11.) The audit division of the Department of Revenue Services disallowed the plaintiffs refund request, and the appellate division of the department denied the plaintiffs refund claim. The plaintiff then filed this appeal.
General Statutes (Rev, to 1999) § 12-498 (a) provides, in part, that the conveyance tax on the transfer of real property "shall not apply to: . . . (14) deeds between spouses." The sole issue in this case is whether the transfer of ownership of the Harbor Drive residential property by the plaintiff to a QPRT created for the benefit of the plaintiffs wife and her remainder persons is a transfer between spouses pursuant to § 12-498 (a) (14). The Commissioner's position is that a conveyance of a residence from the plaintiff to the trustee of a QPRT is not the same as a conveyance between spouses that would qualify for the exemption.
A QPRT, authorized by 26 U.S.C. § 2702 (a) (3) (ii), is a "form of split interest trust specifically authorized by Reg. Sec. 2702-5(c). Split interest trusts allow a grantor to divide the value of an asset over time between a current benefit (either income or use of property) for a specified `term of years' and the future benefit of ultimate ownership (a remainder interest)." K. Ziskin, "The Home Security Trust — Better Than A QPRT On Steroids", Trusts Estates, October 2000, p. 68. The reason for the creation of a split trust, such as a QPRT, is that it "provides an easy method for transferring a residence to a person's heirs while still allowing the donor to live in the residence as if nothing had happened . . . [and] the transfer can be made at very substantial discounts from market value." M. Koppel, "To QPRT or not to QPRT?" The Tax Advisor, December, 1995, p. 717. "QPRTs apply only to an individual's principal residence and one other residence." Id.
When the subject QPRT was created as an irrevocable trust, and the plaintiffs wife transferred the Sherwood Avenue residence into the trust, she effectively gave up control of the residence except for her right to live there. We say this because, under the terms of the trust, the plaintiffs wife had the right to live in the residence for a term of thirty-five years. If she died during the thirty-five year term, the property would go to her estate. If the plaintiffs wife lived for the full thirty-five years, the residence goes to the beneficiaries of the trust. CT Page 15334-ct Although the claim of the plaintiff is that under the QPRT, his wife is the sole beneficiary of the trust for thirty-five years, in reality, the remainder persons, as present beneficiaries of the trust, have a significant interest in the trust. At the time of the creation of the trust, the transfer of the Sherwood Avenue property into the trust, and the subsequent purchase of the Harbor Drive property by the trust as a replacement residence for the Sherwood Avenue property, the plaintiffs wife made a gift of the remainder interest in the trust. This was a present gift to the remainder persons of a future interest in the residence. J. Mona, "A Close Examination of The Qualified Personal Residence Trust," Trusts Estates, October 1994, p. 72. As we can see, a QPRT represents one of the best ways to leave the family home to heirs at a minimal transfer tax costs. Ziskin, supra, p. 66.
In our analysis, the creation of the trust was not simply a trust in which the plaintiffs wife had the sole beneficial interest, but rather a split trust in which others besides the plaintiffs wife had an interest which could only be defeated by her death prior to the end of the thirty-five year period.
There is no provision in § 12-498 (a) (14) for an exemption to arise from a transfer to a trust. The language in § 12-498 (a) (14) is specific. It only exempts a transfer from spouse to spouse. Where a statute is clear on its face, we cannot expand upon the language of this statutory exemption to include a trust in which the spouse may or may not have a beneficial interest in the residence. See Kudlacz v. Lindberg HeatTreating Co., 250 Conn. 581, 586-87, 738 A.2d 135 (1999). Several other states statutorily exempt from the conveyance tax direct transfers of deeds between spouses, and, by statute, specifically exempt from the conveyance tax transfers by one spouse to a trust where the other spouse is the beneficial owner of the trust. See, e.g. Del.Code.Ann. title 30 § 5401(1) (j); Me.Rev.Stat.Ann. title 36 § 4641-C (15); 72 Pa. Consol. Stat. Ann. § 8102-C.3(8); Vt.Stat.Ann. title 32 § 9603(5).
Citing 26 U.S.C. § 671 et seq. and 26 C.F.R. § 1.671-3 (a), the plaintiff argues that the existence of a QPRT is ignored under both the federal and state income tax laws, and the spouse, who is the trust beneficiary, is treated as the direct owner of the property. The plaintiff points out that since the trust is ignored for income tax purposes, the QPRT uses the social security number of the plaintiffs wife as its taxpayer identification number on both federal and Connecticut tax forms, citing 26 C.F.R. § 1.671-4 (b). From this argument, the plaintiff concludes that the transfer of property to the QPRT should be treated as a transfer directly between the plaintiff and his wife. Our CT Page 15334-cu understanding of 26 U.S.C. § 671 and 26 C.F.R. § 1.671-3 (a) is that they deal only with the situation where the grantor is the beneficiary of and is in control of the trust. The grantor in the present action was the plaintiff, who had no beneficial interest in or control of the QPRT.
The only exemption from the conveyance tax provided by the legislature for a transfer of property between spouses prior to October 1, 1999 was § 12-498 (a) (14). This statute was clear on its face that it only applied to "deeds between spouses." In contrast, 26 U.S.C. § 1041 (a) specifically exempts a transfer of property between spouses or between a spouse and a trust for the benefit of a spouse.
The plaintiff also makes an alternative claim for a partial refund. The plaintiff argues that the QPRT, at the time of the transfer of Harbor Drive, had a retention term of thirty-two years and two months, with the children of the plaintiffs wife as contingent remainder persons. The plaintiff argues that a valuation of his wife's interest in the Harbor Drive property at the time of the conveyance to the trust was 86.552%. See 26 U.S.C. § 7520 and 26 C.F.R. § 25.7520-1. Therefore, the plaintiff claims that the court should refund a proportionate amount of the $181,000 conveyance tax allocable to his wife's remaining 86.552% interest in the trust, for a total refund of $156,659.12. However, the terms of § 12-498 (a) (14) leave no room to consider a portion of the transfer to the trust to be exempt. As stated above, the conveyance of the Harbor Drive residence was not a conveyance solely to the plaintiffs wife, but rather to a trust which had a split interest between her and her children as remainder persons. For us to recognize this transaction as a partial conveyance between spouses pursuant to § 12-498 (a) (14) would require us to rewrite the statute. As we have previously stated, we have no such legislative powers.
We find that § 12-498 (a) (14) only applies to deeds between spouses, and the transaction in this case does not fall within that category. Accordingly, judgment may enter in favor of the defendant Commissioner without costs to either party. The plaintiffs appeal is dismissed.
 ___________________ Arnold W. Aronson Judge Trial Referee
CT Page 15334-cv